HENRY WILLIAMS *versus* N. E. M. F. INSURANCE Co. &c *trustee.*
SAME *versus* COLUMBIAN MUTUAL F. INSURANCE Co. &c *trustee.*
JAMES ROBINSON *versus* SAME *and trustee.*

An action may be maintained in the courts of this State, against a corporation established by the Legislature of another State.   R. S. chap. 76, § 31.

In such an action, jurisdiction is conferred upon the Courts of this State, in behalf of a citizen of this State, by an attachment of defendant's property under our trustee process.

But no action can be sustained in this State, against such corporation, if, *by its charter*, the jurisdiction of such action is expressly limited to the Courts of its own State. — Per SHEPLEY, C. J.

By the charter of an insurance company, established in another State, claimants were to bring their suits *in that State*, in cases in which, after notice of loss, " the company and the directors, upon view of the same, or in such other manner as they deem proper, shall estimate the loss," &c. — *Held,* that provision does not preclude the Courts of this State from holding jurisdiction of actions brought to recover for losses, in cases where no such estimation was made by the company or its directors.

ASSUMPSIT, on policies of insurance against fire.   These three actions, were all brought to the District Court, and were of a similar character.   The plaintiffs resided in this county, and the defendants were corporations under the Legislature of New Hampshire.   Within the policies were incorporated the acts of incorporation, and the seventh sections enacted " that when any person shall sustain any loss by fire, of buildings or other property insured by said company, he shall within thirty days after such loss, give notice thereof in writing, at the office of said company, and the directors upon view of the same, or in such manner as they may deem proper, shall ascertain and

determine the amount of said loss or damage, and if the insured shall not acquiesce in the determination, his claim may be submitted to referees mutually chosen, whose award shall be final, or he may within ninety days after notice of said determination and not afterwards, bring an action at law against said company for such loss, before any court in the county of Merrimack, proper to try the same, and if the plaintiff shall, in such action, recover more than the damages determined on by the directors, he shall have judgment in said action, with interest thereon from the time said loss happened,. with costs of suit ; but if he shall recover no more than the amount aforesaid, the company shall recover their costs."

The defendants at the return term, filed pleas in abatement to the jurisdiction of the Court, setting forth that, if any cause of action accrued to the plaintiffs, their actions should have been brought before some Court proper to try the same in the county of Merrimack, and State of New Hampshire.

The replication alleged, that defendants had entrusted property, with the trustee summoned in these actions, who was an inhabitant of this county ; to which there was a demurrer.

*Fessenden & Deblois,* for defendants.

We submit that this Court has no jurisdiction of these suits, inasmuch as the acts of incorporation, of which the plaintiffs were members, provide, that in all disputes arising out of any policies made by said corporations, the suits for recovery thereon, shall alone be instituted in the county of Merrimack, and State of New Hampshire, and in no other place. Acts of Incorporation, § 7.

*Munger,* for plaintiffs.

We contend in the first place, that the seventh sections of the acts of incorporation do not require the plaintiffs to bring their actions in Merrimack county in New Hampshire. Those sections provide for a special case, and not for the cases at bar. 4 Metc. 212.

2. The plaintiffs are residents in this county, and have at-

tached the credits of the defendants in the hands of the trustee, as resident of this county.  R. S. chap. 114, § 27.

3. Inasmuch as the defendants have established an agency to transact business in this State, it makes them amenable to the jurisdiction of our courts.

SHEPLEY, C. J. orally. — In these cases the defendants are corporations existing under the laws of New Hampshire, and the only question arising upon the pleadings, is, whether the plaintiffs can bring an action upon their policies, elsewhere than in the county of Merrimack in the State of New Hampshire.  On examination of the seventh sections of the acts of incorporation, which are made a part of the policies, it appears, that these sections attach only in a special case therein provided, and not in all cases which may arise.  The plaintiffs do not appear to be in that condition, where they must pursue the special remedy given them by these sections.  If the defendants had estimated the loss of the plaintiffs, and performed the duties enjoined, upon notice of the losses, then the plaintiffs would have been obliged to pursue the special remedy allowed them by their policies.  But we cannot distinguish these cases from that in 4 Metc. 212, and are satisfied with the reasonings of that case.                                   *Respondent ouster.*