Wheeler, J.
It is insisted, that as the note was not payable in ISTew York, hut in Louisiana, it draws interest according- to tiie law of the latter State, which not being averred, the plaintiff was not entitled to recover interest.
Repeated decisions of the court have settled that ive cannot judicially take notice that “Yew Orleans, Louisiana,” is in the State of Louisiana, and of consequence, that it is not in the State of New York. (Cook v. Crawford, 4 Tex. R., 420; Andrews v. Hoxie, 5 Id., 171; Ellis v. Park, 8 Tex. R.) The note having been made in the State of Now York, and not appearing to have been payable elsewhere, interest was, recoverable upon it according to the rate of interest fixed by the laws of that State.
The only question deserving of notice is, whether it was necessary to call in a jury to ascertain the law of the State of ISTew York as to the rate of interest recoverable upon the note. And we are of opinion that it was not. The cause of action was certainly liquidated by the writing as to the principal sum due; the law ascertained the rate of interest; and it was, we think, competent to make proof of what the law was to the court, without the intervention of a jury. “In regard to foreign laws,” (says Professor Greenleaf, in his treatise on Evidence.) “the established doctrine now is, that no court takes “judicial notice of the laws of a foreign country, hut they must he proven as 4.‘facts. And the better opinion seems to he, that this proof must he made to “tiie court, rather than to the jury.” “Por,” observes Mr. Justice Story, “all “ matters of law are properly referable to tiie court; and the object of the proof Vof foreign laws is to enable the court to instruct the jury what, in point of ■“law, is the result of the foreign law to ho applied to the matter in controversy “ before them. Tiie court are, therefore, to decide what is the proper evidence “of the laws of a foreign country; and when evidence is given of those laws, “tiie court are to judgeof their applicability, when proved, to the casein hand.” ■(1 Greenl. Ev., sec. 486.) In .support of the judgment we must presume the .proof to have been legally made by competent evidence.
Judgment affirmed.
Note37. — Guest ®. Rhine, 16 T., 643: Watson v. Newsham, 17 T., 437: Ricks v. Puison, 21T., :í07¡ Niblett®.Shelton,28T.,648.