EUGENE WILLIAMS, TEMPORARY ADMINISTRATOR, v. THE PLANTERS' & MECHANICS' NATIONAL BANK OF HOUSTON.

No. 663.—Decided May 2, 1898.

**1. Judgment—Presumption—Temporary Administrator.**

One appointed temporary administrator of an estate till the next succeeding term of court, appeared in and defended a suit against his decedent, judgment being rendered against him after the term to which his appointment extended. In support of such judgment it would be presumed that his appointment had been renewed. (P. 653.)

**2. Conclusions of Fact—Motion.**

The conclusions of fact and of law which the trial judge is required, by Rev. Stats., art. 1333, to file when demanded, are only those made on the final trial. He is not thereby required to file such conclusions in disposing of a motion for change of venue. (P. 654.)

**3. Change of Venue—Presumption.**

The ruling of the court in awarding a change of venue will be presumed, on appeal, to be correct, in the absence from the record of the evidence introduced upon the motion. (P. 654.)

**4. Protest—Endorser.**

A note payable in the city of Houston, but at no particular place therein, against P. as maker and E. as payee and indorser, neither of whom resided there, was attempted to be protested by proceedings showing that the notary presented it at the office of E., who was not in the city. Held, that, though it would be a sufficient demand on P. to show that the notary had the instrument in H. on the day of its maturity and that P. was not in the city, yet, as it did not appear from the protest that he had in view a demand on P., but only one on E., the protest was insufficient to fix E.'s liability. (Pp. 654 to 657.)

ERROR to the Court of Civil Appeals for the First District, in an appeal from Galveston County.

Williams, temporary administrator of Ellis, the payee and endorser of the note sued on, obtained writ of error from a judgment affirming a recovery against him in the trial court.

*J. L. Hudson* and *Eugene Williams*, for plaintiff in error.—The trial court, in granting change of venue, must transfer the cause to the nearest or most accessible court house to the court house for the county from which the venue is changed. Rev. Stats, art. 1273; Shaw v. Cade, 54 Texas, 307; Loonie v. Tillman, 3 Texas Civ. App., 332.

The District Court of Harris County erred in failing and refusing to find and file its conclusions of law and fact upon the testimony introduced upon the hearing of the application for the change of venue. Rev. Stats., art. 1333; Shuber v. Halcomb, 2 Willson, C. C., sec. 224; North v. Lambert, 3 Willson, C. C., sec. 53.

The temporary administrator in this case voluntarily appeared and made himself party to the cause as shown by his answer. There was no service upon the temporary administrator. The statement of facts fails to show any authority by which he could bind the estate of W. O. Ellis. Rev. Stats., arts. 1930, 1931, 1933; Callaghan v. Houston, 78 Texas, 497; Dull v. Drake, 69 Texas, 207; Alexander v. Barfield, 6 Texas, 403.

To constitute a presentment for protest, the paper must be presented by the notary to the party against whom the protest is to be made in person, or at his office, or at a bank, and must be presented to the maker of the note, and not the endorser. 3 Kent's Com., 95-97; Story, Promissory Notes, secs. 201, 235; Proffat, Notaries, sec. 92, p. 100. Demand must be made upon maker of note at his usual abode or place of business. Tate v. Sullivan, 96 Am. Dec., 599. Presentment of a note for protest must be to the maker. See especially, note, Tate v. Sullivan, 97 Am. Dec., 607· Whiteford v. Burck Meyer, 39 Am. Dec., 640; Ecfert v. Des Condres, 12 Am. Dec., 609. The certificate should show presentment to the maker or its equivalent, and this should not be left to intendment or presumption. Duckhert v. Von Lileinthal, 11 Wis., 56; Dupre v. Richard, 43 Am. Dec., 221; Bank v. Allen, 18 Ind., 475; Nave v. Richardson, 36 Mo., 130; Jones v. Robinson, 54 Am. Dec., 215; Stinson v. Lee, 9 Law. Rep. Ann., 830; Beer v. Clifton, 20 Law. Rep. Ann., 581.

The proper method of fixing the liability of an endorser upon a promissory note is by using that due diligence which the law defines to be suit at the first term or at the second after a show of good cause for not having brought suit at the first term, and if the holder of a promissory note waives this method of fixing the liability he does so at his peril, and must show that the notary complied with the law allowing protest to fix the liability of the endorser. Rev. Stats., art. 274.

*Fisher & Sears*, for defendant in error.—In this cause the court determined, from all the evidence, that Galveston County was nearest, and there being no evidence to show that its finding is incorrect, and nothing in the record to controvert that finding, it cannot be questioned here. Shaw v. Cade, 54 Texas, 311; Loonie v. Tillman, 3 Texas Civ.

App., 334; San Antonio v. Jones, 28 Texas, 19; Demmit v. Robins, 74 Texas, 445.

The law neither contemplates or requires that a judge shall file conclusions on such an application or motion, but only on a trial on the merits.

All the proof showed that Petri was insolvent at the maturity of the note sued on, and therefore neither suit or protest was necessary, as Ellis was liable as a principal. Bank v. DeMorse, 26 S. W. Rep., 419; Oglesby v. North D. Imp. Co., 28 S. W. Rep., 1016; Wood v. McMeans, 23 Texas, 484.

The temporary administrator having voluntarily appeared in the case and answered, alleging that he was such administrator, and it not being a controverted fact in the case, he cannot now question the judgment against him. He will not be heard in this court to impeach or discredit the character or capacity he assumed by his own voluntary appearance. Tolbert v. McBride, 12 S. W. Rep., 753; Dignowitty v. Coleman, 77 Texas, 99; Cheatham v. Riddle, 12 Texas, 116; Gregory v. McCormick, 25 S. W. Rep., 565; Pierson v. Tom, 10 Texas, 145.

The note sued on and protested is payable "at the city of Houston, Texas," and was protested there.

Protest at the place of payment is good against all parties to the note, irrespective of the fact that they reside elsewhere. 3 Randolph on Commercial paper, sec. 1110, pp. 99, 100, 103, and cases cited; 2 Am. & Eng. Encycl., Law, 402—Title "Bills and Notes"; Daniel, Neg. Ins., sec. 955.

BROWN, ASSOCIATE JUSTICE.—This suit was commenced in the District Court of Harris County against W. O. Ellis and others, and the venue was changed from Harris County to Galveston, where it was finally tried. Eugene Williams, as temporary administrator of W. O. Ellis, made himself a party to the suit and continued to defend it until the final trial was had, without any objection being interposed that he had not authority to do so. It is objected by the temporary administrator, that, before judgment was rendered in this cause, his appointment as such administrator had ceased, and that therefore no judgment should have been rendered against the estate of W. O. Ellis. The Probate Court which appointed Williams temporary administrator, had the authority, at the next succeeding term, to continue the appointment, and Williams appeared in the case and acted as such temporary administrator after the succeeding term had passed, claiming to be the temporary administrator of the estate. It will be presumed in support of the judgment that the Probate Court did, in accordance with the statute, continue the appointment of Williams as temporary administrator, and that the terms of his appointment empowered him to appear and defend the case.

It is also claimed that the District Court of Harris County erred in changing the venue of the case to Galveston County, instead of to Fort

Bend County, and that the judge of that court erred in refusing to file conclusions of fact and law upon the trial of the motion for change of venue.

Article 1333 of the Revised Civil Statutes is in the following language: "The jury shall render a general or special verdict as may be directed by the court, and the verdict shall comprehend the whole issue or all the issues submitted to them; and upon a trial by the court, the judge shall, at the request of either of the parties, also state in writing the conclusions of facts found by him separately from the conclusions of law, which conclusions of fact and law shall be filed with the clerk and shall constitute a part of the record; and in all cases where a special verdict of the jury is rendered or the conclusions of fact found by the judge are separately stated, the court shall, unless the same be set aside and new trial granted, render judgment thereon, and it shall be sufficient for the party excepting to the conclusions of law or judgment of the court, to cause it to be noted on the record in the judgment entry that he excepts thereto; and such party may thereupon take his appeal or writ of error without a statement of facts or further exceptions in the transcript, but the transcript shall in such case contain the special verdict or conclusions of fact and law aforesaid and the judgment rendered thereon." It will be seen that the findings of fact mentioned in the foregoing article are in connection with the verdict of a jury, and the same results are to follow upon the return of the verdict of the jury or the filing of conclusions of fact by the judge. By the terms of the said article judgment is to be rendered upon conclusions of fact and the party aggrieved is secured the right of appeal therefrom. We think that it appears from the terms of this article that conclusions of fact are required only upon final trial, and the Court of Civil Appeals correctly so held. There is in the record no statement of the evidence introduced upon the trial of the motion for change of venue and we have no data upon which to base a review of the action of the court on that motion. It will be presumed in favor of the action of the court that the venue was correctly changed to Galveston County.

The suit was based upon a promissory note dated December 20, 1890, payable eight months from date, at the City of Houston, for the sum of $7500, to W. O. Ellis or order, and signed by A. C. Petri. The note was given for the purchase money of one-half interest in a lot in the City of Dallas, and A. C. Petri at the time executed and delivered to W. O. Ellis a deed of trust empowering him to sell the lot in case there was default in the payment of the note.

On the 22nd day of August, 1891, the note being then the property of the defendant in error, a bank doing business in the City of Houston, and being in the possession of the said defendant bank, E. Raphael, a notary public, undertook to protest the same under the statute. The protest contains the following statement: "By this public Instrument of Protest Be it Known, That on the 22nd day of August, A. D. 1891,

at the request of The Planters and Mechanics National Bank, holder of the original note whereof a true copy is on the reverse hereof written, I, E. Raphael, a Notary Public in and for the County of Harris, State of Texas, duly commissioned by letters patent under the Great Seal of the State aforesaid, and sworn, presented said note at the office of W. O. Ellis and to ———— and demanded of him payment therefor; which was refused, (W. O. Ellis is not in the City, and has no office here)." It then proceeds to state in substance that the notary does publicly and solemnly protest the said note as well against the drawer or maker of the same as against all others whom it doth or may concern, concluding with the proper certificate, under the seal of the notary public, and accompanied with a copy of the note attached thereto, stating the fees of protest and such things as were necessary. The entry made upon the notary's record was as follows:

"State of Texas,
County of Harris.

No. 315. Protest Note. Date of instrument, Dec. 20, 1890. Description, Note, A. C. Petri, to order of and endorsed by W. O. Ellis, for $7500.00, payable 8 months after date, being a vendor's lien on Lot 13, Blk 96, Dallas, Texas. Protest notices mailed to W. O. Ellis, Sartartia, and to A. C. Petri, at Dallas. Note protested for a/c Planters & Mechanics National Bank, Aug. 23rd, 1891. Amount of Fees, $3.50." E. Raphael, the notary public, testified in substance that the note was in his hands for two hours; that he took it and read it, saw that it was payable at Houston and signed by A. C. Petri, who he ascertained was not a resident of Harris County; saw that the note was endorsed by W. O. Ellis, who he knew was not at Houston and not a resident of Harris County; he then took the note to Ellis' office just across the street from the office of the notary public; took it as a matter of form; found that he was not there and no one to represent him; returned to his own office and protested it, making out the notices and mailing one copy to Ellis and one to Petri. He then inquired and found out that the post-office address of Ellis was Sartartia, Texas, and that of Petri was Dallas, Texas.

The plaintiff in error claims, that, suit not having been brought upon the note to the first term after it became due, nor to the second term showing cause why it had not been brought to the first term, there was no right of action shown against W. O. Ellis, because the pretended protest of the note was illegal and void and did not fix the liability of the endorser. The defendant in error claims that A. C. Petri was insolvent at the time and that therefore neither suit nor protest and notice were necessary to fix the liability of Ellis.

Under article 1204, Rev. Stats., it was not necessary to either protest the note or to bring suit upon it at the first or second term of the court after it became due if Petri, the maker, was at the time it fell due actually or notoriously insolvent. If the evidence established the in-

solvency of Petri to such a degree of certainty that there was no room for two minds to come to different conclusions upon the question, then the District Court rightly. assumed that proposition as proved and charged the jury to find for the plaintiff, because it became unimportant in that event whether the protest was properly made or not.   But we have examined the testimony carefully and are of the opinion that the evidence was not of such a character as to justify the court in assuming the fact as established and taking the issue of insolvency from the jury. It therefore becomes necessary for us to examine the different propositions made in the application upon the question of the protest of the note in suit, because the liability of Ellis, the endorser, depends upon the validity of the protest.

The duty of a notary public who protests a promissory note or bill of exchange is prescribed by article 273, Rev. Stats., in the following words: "It shall be the duty of any notary public who shall protest any bill of exchange or promissory note, for non-acceptance or non-payment, to set forth in his protest and in his notarial record a full and true statement of what shall have been done by him in relation thereto, according to the facts, by specifying therein whether demand was made of the sum of money in such bill or note specified, of whom, and when and where such demand was made." As a general rule the demand must be made upon the maker of the note or the drawer of the bill of exchange, but there are exceptions to that. rule, one of which is, that, where the instrument is made payable at a city, without naming any particular place in said city, and the maker or drawer does not reside nor have a place of business there at the time the note matures, the possession of the instrument on the day in that city by a notary public who is authorized by the holder to demand and receive payment of the maker or drawer thereof is a sufficient demand upon the maker, and if he fails to appear it may be protested as if demand had been made upon him personally.   4 Am. and Eng. Encycl., Law, title—Bills and Notes, p. 372 (2nd ed.); 3 Randolph on Commercial Paper, sec. 1114, p. 103; 1 Parsons on Notes and Bills, 440; Hardy v. Woodroofe, 2 Starkey, 319; Meyer v. Hibsher, 47 N. Y., 265; Britton v. Niccolis, 104 U. S., 757; Berkshire v. Isaac Jones, 6 Mass., 523; Boot v. Franklin, 3 Johnson, 207; Stewart v. Eden, 2 Caine, 121.

In the case of Boot v. Franklin, above cited, the instrument in controversy was made payable in the city of London, but the drawees lived in the city of Liverpool.   Upon the day that it fell due the officer had possession of the instrument in London and was authorized to receive payment thereon and to protest the same in case it was not paid.   It was contended that there should have been a presentation to the drawee of the instrument at his place of residence or at his place of business, or that it should have been stated and proved that inquiry was made for the drawees in the city of London.   Chancellor Kent delivered the opinion of the court and said:   "The other objection stated as a cause of demurrer has been anticipated in a great measure by what was ob-

served in the former case.   It was not incumbent upon the plaintiffs to
state that inquiry was made in London by the drawees; lex neminem
cogit ad vana seu inutilia.   No place in London being pointed out to
which the holders might resort, and the drawees residing at Liverpool,
an attempt to search for them in such a city as London would have been
without any object or effect.   Nor were the holders bound to go else-
where to seek the drawees, as the bill had directed the payment to be
made in London.   They conformed their conduct to the tenor of the
bill.   They were in London on the day of payment, ready to receive ·
payment, and they did all that they were able to do; they caused the
bill to be there protested."   The facts in this case would have author-
ized the notary to protest the note for non-payment as in that case, but
did he do so in compliance with the law.

The statute requires the notary public "to set forth in his protest and
in his notarial record a full and true statement of what shall be done by
him in relation thereto according to the facts," etc.   The evidence con-
clusively shows that Petri was not a citizen of or residing in Houston, nor
was he in that city at the time the note matured, and if the notary public
had certified that he demanded the payment of the note from Petri the
facts would have sustained that statement as a demand in law.   Stewart
v. Eden, 2 Caine, 121.   In the case cited the objection was made to the
admissibillity of evidence of diligence because the pleading alleged a
presentation to the maker of the note when in fact he was not at the place
where it was presented, but the court held that it was sufficient to allege
a presentation, and that the acts of diligence might be proved to sustain
the allegation, and we think that the same rule would apply to the
statement required to be made by the notary in the protest and in his
notorial record.   The notary, however, might have stated if true that
on the day named he had the note in his possession at Houston for the
purpose of demanding payment of the maker Petri, and that the latter
failed to appear and make payment, he being a non-resident of the city
of Houston and not in the said city at the time, which would be equiv-
alent to a demand.   But the notarial record and the protest are both
wanting in a statement of either of these facts.   It does not appear that
the notary had possession of the instrument for the purpose of collect-
ing the same from the maker, but on the contrary that his purpose and
authority was to make demand for its payment upon the endorser Ellis.
It does not appear that he made demand for its payment upon the
maker of the note, nor does he state that Petri failed to appear and
make payment of it.

From the notorial record, the protest, and the evidence given by the
notary public, it is plain that he did not have a demand upon Petri in
view, but had the note for the sole purpose of demanding payment of
it from Ellis and fixing his liability by protest, which the law does not
allow.   We conclude, therefore, that the protest and notice as shown
by the record were not sufficient to fix the liability of Ellis as an en-
dorser of the note, and that the court erred in instructing the jury to

find a verdict for the plaintiff against the administrator of Ellis; for which error, the judgments of the District Court and the Court of Civil Appeals will be reversed and the cause remanded.

*Reversed and remanded.*