### J. G. HODO v. M. M. LEEMAN.

Decided November 16, 1901.

1.—State School Land—Contract to Acquire—Right to Award—Diligence.

Appellant purchased of appellee's mother a tract of State school land awarded to her as an actual settler. She was not, and had never been, an actual settler on the land. This was known to appellant, and it was agreed that the mother should release to him, and he should then apply to purchase the land from the State. He received a release from the mother, paid her the agreed price, and took two notes from appellee to secure the return of the money so paid her in the event he (appellant) failed to secure an award of the land,— the notes to be redelivered to appellee if such award was secured. Appellant made an application for the land sufficient to entitle him to an award thereof, but the Land Commissioner, after having entered a forfeiture of the mother's purchase, improperly refused appellant's application, and awarded the land to appellant's son, who had also applied for it, and appellee sued to recover possession of the notes so given as indemnity. Held, that appellant's application for the land being such as entitled him to an award thereof, the law made the award to him, and he could not defeat his agreement because of the improper rejection of his application by the Commissioner, since it was obligatory on him to use due diligence to enforce his right.

2.—Same—Want of Consideration.

Although the mother had no title by reason of nonsettlement, and appellant's agreement with her was without consideration, yet as he secured the benefits contemplated by the agreement,—the right to purchase the land,—he could not, as to appellee's contract of indemnity, be heard to say that the agreement was without consideration.

Appeal from Taylor.   Tried below before Hon. N. R. Lindsey.

*E. N. Kirby,* for appellant.

*J. M. Wagstaff,* for appellee.

CONNER, CHIEF JUSTICE.—Appellee instituted this suit to recover possession of two promissory notes made to him by appellant for part of the purchase price of 312½ acres of land.   At the time of the sale mentioned appellant also purchased of M. J. Leeman 160 acres of State school land adjacent to that purchased of appellee for the sum of $720 cash.   As expressed in the agreement hereinafter mentioned, the title of M. J. Leeman was "to some extent questionable," and M. M. Leeman, with the object of indemnifying appellant against loss in the purchase from said M. J. Leeman, deposited the notes involved in this suit with George S. Berry pursuant to written agreement to the effect that M. J. Leeman should execute deed of relinquishment to the 160 acres of school land bought of her; J. G. Hodo should make application to purchase the same direct from the State, and if he secured the award said notes should be returned to appellee; in the event appellant should fail to secure such award then he was to be entitled to have entered as a credit on said notes such sum as would equal the $720 cash paid by him to M. J. Leeman, with interest thereon at the rate specified in the notes.   The evidence shows that the 160 acres of school land had theretofore been

duly classified and placed on the market, and awarded to M. J. Leeman under an application by her as an actual settler, but that in fact she never was an actual settler on the same. The fact that M. J. Leeman was not, and had never been such actual settler, was known to appellant before the purchase and agreement mentioned. Nevertheless, pursuant to said agreement, M. J. Leeman executed deed relinquishing her right, or asserted right, and J. G. Hodo paid for her $720 cash, and forthwith made application, obligation, and payment sufficient in form and substance to entitle him to an award of said 160 acres. The Commissioner of the General Land Office, however, refused to make the award upon a ground not deemed material to state, and ruled that appellant be required to make another application after the forfeiture of M. J. Leeman's purchase, which the Commissioner then declared. Thereafter, and on the same day, appellant and his son W. H. Hodo each made application, etc., to purchase, and the Commissioner awarded the land to W. H. Hodo. The result of the trial was a verdict and judgment in appellee's favor in accordance with a peremptory instruction of the court, and hence this appeal.

It is insisted that by the agreement appellee was entitled to regain possession of the notes in the event only of an award to J. G. Hodo. It is true that the Commissioner of the General Land Office rejected each of appellant's applications, but the facts are undisputed which show that appellant was entitled thereto under his first application, and the law made the award to him notwithstanding the rejection by the Commissioner; in addition to which there can be no doubt from the evidence that appellant could have had his second application before the Commissioner in time for favorable action thereon had he exercised due diligence. Due diligence was implied in his undertaking to procure an award, and the evidence not only shows that he failed to exercise such diligence under his second application, but also rather tends to show that the award to his son W. H. Hodo was with appellant's connivance, with a view of thereby securing the credit provided for in the agreement.

It is also insisted that the agreement between appellant and appellee is without consideration. It may be conceded that M. J. Leeman, by reason of nonsettlement, had no title, and that appellant's agreement with her was without consideration. Rev. Stats., art. 4218f; Lamb v. James, 87 Texas, 490; Cattle Co. v. Bedford, 91 Texas, 651. But it does not necessarily follow that, in consequence thereof, the agreement between J. G. Hodo and M. M. Leeman is without consideration. The consideration for the notes deposited is not questioned. In the absence of a valid agreement to the contrary, appellee was entitled to the possession thereof; and the agreement, in view of the evidence, was evidently intended to give assurance merely that no obstacle should prevent appellant from acquiring good title to the M. J. Leeman land. Appellee was unwilling to sell unless M. J. Leeman also sold; appellant desired

to purchase, and he was enabled to become the owner of and an actual settler upon the adjacent land purchased from appellee, and hence place himself within the class of persons entitled to purchase the school land. There was no fraud or concealment on the part of appellee or of M. J. Leeman; appellant completed the transaction with full knowledge of all the facts, and having secured the benefits contemplated thereby he should not be heard to say that the agreement was without consideration. Besides, if the agreement be without consideration, as appellant insists, we fail to appreciate the force of his contention in effect that it should have been enforced in his behalf by decree in accord with its terms.

Finding no reversible error in the proceedings of the trial court, its judgment is affirmed.

*Affirmed.*