## METROPOLITAN LIFE INSURANCE COMPANY v. A. F. GIBBS.

### Decided December 23, 1903.

**1.—Practice—Argument of Counsel.**

In the absence of a showing to the contrary inappropriate and inopportune remarks of counsel in argument to the jury, trifling in nature, will not be presumed to have prejudiced the jury adversely to the other party.

**2.—Temporary Administration—Extension of.**

A temporary administration decreed by the probate court for the purpose of conducting this suit expired by limitation with the convening of the next term of the court, and was extended by order entered upon the minutes in open court. Held that the proceeding was valid and correct.

**3.—Practice on Appeal—Questions the Court Will Consider.**

Only the grounds set forth in the bill of exceptions for the exclusion of evidence will be considered on appeal, although other grounds be embodied in the assignments of error. Note evidence the admission of which is held harmless, if error at all.

**4.—Same—Evidence.**

It was not error, in action on a life insurance policy, to admit in evidence a card on which was written notice by the company to the insured, of a premium maturing.

**5.—Evidence—Preliminary Proofs of Death—Waiver.**

Over objections appellee was permitted to testify that soon after the death of the insured he asked the defendant company's superintendent what the company intended to do about the claim, and asked for blanks on which to make out the proofs of death, and that the superintendent replied that the company would not pay the policy and refused to furnish the blanks. Held that the evidence was properly admitted to show a waiver of the proofs of death.

**6.—Same—Bill of Exceptions.**

Error assigned on the exclusion of evidence will not be considered when the grounds of objection are not stated in the bill of exceptions.

**7.—Parties to Suit.**

The wife of a decedent is not a necessary party with the temporary administrator in an action on a life insurance policy.

**8.—Life Insurance Policy—Warranty.**

The policy provided that the representations and answers in the application, made a part of the policy, were warranties, and that untrue answers would vitiate the policy. It is immaterial under this provision that the insured did not disclose that he was a married man, inasmuch as that question was not asked.

**9.—Delayed Premiums—Waiver.**

A clause in a policy exempting the insurer from liability until actual payment of the premium may be waived by the insurer or its authorized agent, and the contract of insurance will become binding. Facts held to constitute a waiver.

Appeal from the District Court of Bexar. Tried below before Hon. S. J. Brooks.

The opinion states the case.

*Keller & Keller* and *Mason Williams,* for appellant.

*Webb & Goeth,* for appellee.

FLY, ASSOCIATE JUSTICE.—This is a suit on a policy of insurance on the life of Ernest E. Gibbs, deceased, prosecuted by the temporary ad-

ministrator against appellant. The trial resulted in a verdict and judgment for $500 with interest at 6 per cent per annum from May 1, 1901.

Appellant, on February 13, 1901, insured Ernest E. Gibbs in the sum of $500, and payment of the premium in advance was waived. The premium was paid in April, 1901, a short time before the death of the insured.

The first assignment of error complains of a remark made by appellees' counsel during a preliminary discussion, in the hearing and presence of the jury, that counsel for appellant must not like the jury. While the remark was inappropriate and ill timed, it is of such a trivial character that it can not be supposed that it influenced the verdict of a jury, which it must be presumed was composed of men of average honesty and intelligence. Nothing in the record indicates that the jury was influenced by it.

In December, 1902, A. F. Gibbs was appointed temporary administrator of the estate of Ernest E. Gibbs, deceased, and he was authorized to make himself a party to this suit which was then pending in the District Court of the Fifty-seventh Judicial District. At the March term of the County Court the temporary letters were continued with the same powers granted to the administrator. The proof of appointment of the temporary administrator and of his continuation in that capacity were properly admitted in evidence. The temporary administrator was appointed for the purpose of prosecuting this suit, his powers being defined as required by statute. Sayles' Civ. Stats., art. 1931. The appointment would have ceased at the succeeding term of the County Court had it not been continued in force by an order entered upon the minutes in open court. That it might be so continued is contemplated by the language of the statute. Art. 1933. The county court had the authority to appoint a temporary administrator to prosecute the suit, and to continue such temporary administration so long as was necessary to accomplish the ends of the original appointment. Railway v. Hook, 60 Texas, 403; Callahan v. Houston, 78 Texas, 494. In speaking on this subject in Williams v. Bank, 91 Texas, 651, the Supreme Court said: "The probate court which appointed Williams temporary administrator had the authority, at the next succeeding term, to continue the appointment," etc.

Appellee was permitted to testify that his deceased brother on March 23, 1901, had given him $4.56 with which to pay the premium due on his policy, and had told the witness to pay it to Wendlandt or Howry, who were agents of appellant. The testimony as to deceased giving the money to appellee to pay to the agent was objected to as irrelevant and immaterial and as not being a delivery to the company. The witness was then asked, "What did your brother tell you about the money?" To which appellant objected on the ground that it was a self-serving declaration. In this court appellant seeks to have the admission of the testimony and asking of the question declared erroneous, not only

on the grounds set out in the bill of exceptions, but on the additional ground that the witness should not have been permitted to testify to statements made to him by deceased. Only the grounds set forth in the bill of exceptions for the exclusion of evidence will be noticed in an appellate court, although other grounds be embodied in assignments of error. Kimmarle v. Railway Co., 76 Texas, 686.

In view of the 'fact that the witness stated that he paid the money to Wendlandt, the agent of appellant, for the premium, it was immaterial how he got it or what deceased said to him, and the evidence complained of could not have injured it in any manner whatever.

It was not error to admit in evidence a card written by appellant in which deceased, E. E. Gibbs, was notified that a premium was due in May, 1901. It is not claimed by appellant that its introduction caused any injury to its cause, the sole ground of objection to it being that it was irrelevant and immaterial.

Appellee, over the objection of appellant, testified that after the death of E. E. Gibbs he took the policy of insurance to Cleveland, appellant's superintendent at San Antonio, and asked him what the company intended to do about it, and he replied that it would not pay the policy, because all the premiums were not paid. He also asked Cleveland for blanks on which to make out a certificate of death. Cleveland replied that the company would not pay the policy, and that there was no use giving appellee any blanks. The evidence was objected to on the ground that there were no pleadings to support the testimony, that Cleveland was not the proper party from whom payment or blanks should have been demanded, that appellee at that time was not temporary administrator and had no authority to ask for money or blanks, and any statement made to him would not bind the company. The objections are fallacious and untenable. There was no attempt through the evidence in question, as contended by appellant, to vary the contract, or to show a waiver of a forfeiture or the reception of premiums in arrears, and the clause of the policy which attempted to retain the power to do any of the things mentioned exclusively in the hands of the president, vice-president or secretary was in no manner infringed by the introduction of the evidence. The evidence was introduced to show a waiver of proofs of death, and was admissible for that purpose. Cohen v. Insurance Co., 67 Texas, 325; Insurance Co. v. Lee, 73 Texas, 641; Insurance Co. v. Rivers, 9 Texas Civ. App., 177. While appellee may not have had the authority to receive the money due on the policy at the time he had the conversation with Cleveland, that did not preclude him from testifying that the agent of the company stated that the policy would not be paid and blanks on which to make proofs of death would not be furnished. Appellee could swear to those facts, and they were just as binding on the company as though made to a temporary or any other kind of administrator. What has been said will apply as well to the declarations of Wendlandt, the assistant superintendent. Payment was not denied because appellee was not authorized to receive it, but was denied on

the ground that the policy was void by reason of failure to pay the first premium.

The eleventh assignment of error is designed to present error in the court excluding the written application of E. E. Gibbs for insurance. It can not be considered because the grounds of objection to the introduction of the testimony are not stated in the bill of exceptions on which the assignment of error is based. Johnson v. Crawl, 55 Texas, 571; Kolp v. Specht, 11 Texas Civ. App., 685; Schoch v. San Antonio, 57 S. W. Rep., 893.

The fifteenth assignment of error complaining of the court's action in overruling the numerous special exceptions is without merit. The wife of the deceased was not a necessary party with the temporary administrator as a plaintiff. The petition sufficiently alleged the terms and conditions of the policy necessary to a proper prosecution of the suit.

It is provided in the policy that the representations and answers made in the application, which is made a part of the policy, are warranties and that untrue answers will render the policy void. In that application deceased was not asked whether he was married or single, and it does not matter what may have been answered aside from the facts disclosed in the policy, for it is provided therein: "The contract between the parties hereto is completely set forth in this policy and the application therefor taken together." Immediately following that provision is what is denominated "Copy of application for this policy." If deceased made another application the provisions of the policy have no reference to that, but to the one copied in the policy.

It is well settled that a clause in a policy exempting the insurer from liability until actual payment of the premium may be waived by the insurer or its authorized agent, and the contract of insurance will become binding. Train v. Insurance Co., 62 N. Y., 598; Bodine v. Insurance Co., 51 N. Y., 117; Assurance Co. v. Oliver, 22 Texas Civ. App., 8. The facts and circumstances showed a waiver upon the part of appellant as to payment of the premium in advance. It was afterwards paid and accepted.

The charge presented the law applicable to the issues raised by the pleadings and evidence.

None of the assignments of error is well taken and the judgment is affirmed.

<i>Affirmed.</i>