EL PASO & SOUTHWESTERN CO. v. LA LONDE. .(No. 388.)

(Court of Civil Appeals of Texas. El Paso. Feb. 11, 1915. Rehearing Denied Feb. 25, 1915.)

1. CONSTITUTIONAL LAW ⊙⟿24—REPEAL OF FORMER STATUTE—RECOVERY FOR DEATH.

Comp. Laws N. M. 1897, § 3213, limiting recovery for death caused by a carrier to $5,-000, to be recovered by deceased husband, wife, children, or parents, being in conflict with, was on admission of the territory as a state, repealed by, Const. N. M. art. 20, § 16, declaring a carrier liable in damages for death of an employé through its negligence, action for which shall be by the executor or administrator for the benefit of the surviving spouse and children; the recovery to be distributed as provided by law.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 21–29; Dec. Dig. ⊙⟿ 24.]

2. CONSTITUTIONAL LAW ⊙⟿29—SELF-EXECUTING PROVISIONS—RECOVERY FOR DEATH.

As to the unlimited amount of recovery for death of an employé by negligence of a carrier, and authority ·of the executor or administrator to sue, Const. N. M. art. 20, § 16, is self-executing, unaffected by its provision that the recovery may be distributed as provided by law.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 32; Dec. Dig. ⊙⟿29.]

3. TRIAL ⊙⟿136—COURT QUESTION—FOREIGN LAW.

Proof of foreign laws is made to the court rather than to the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 318, 320, 321, 323–327; Dec. Dig. ⊙⟿ 136.]

4. EVIDENCE ⊙⟿82 — PRESUMPTIONS — JUDICIAL PROCEEDING.

In the absence of evidence to the contrary, it will be presumed that the county court, which had appointed plaintiff temporary administratrix to prosecute the action, had, as authorized by statute, by proper orders made at each succeeding term, continued the temporary administration so long as necessary to accomplish the purpose of the appointment.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 104; Dec. Dig. ⊙⟿82.]

5. EXECUTORS AND ADMINISTRATORS ⊙⟿443— ACTIONS — CAPACITY TO SUE — TEMPORARY ADMINISTRATOR—PLEADING.

The lapsing of the temporary administration of plaintiff is to be raised by. sworn plea in abatement, under Rev. St. 1911, art. 1906, subd. 2, as to verification of an answer setting up want of capacity of plaintiff to sue.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1798–1811, 1823–1830, 1842–1845, 1848; Dec. Dig. ⊙⟿ 443.]

6. TRIAL ⊙⟿296—INSTRUCTIONS—CURING ERROR.

Any error of an instruction in action for death, as to deceased being at the time an employé on duty, was harmless to defendant, another instruction requiring, as condition to recovery, a finding that defendant's yards, where deceased was struck by an engine, were customarily and generally used by the public, as well as by the defendant's employés when off duty, as a highway and public place for the purpose of crossing the tracks.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. ⊙⟿ 296.]

⊙⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. APPEAL AND ERROR ⬅=1001—REVIEWED—VERDICT.**

A verdict reasonably supported by the evidence will not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3922, 3928–3934; Dec. Dig. ⬅=1001.]

Appeal from District Court, El Paso County; Dan M. Jackson, Judge.

Action by Angela La Londe, administratrix, against the El Paso & Southwestern Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Hawkins & Franklin and W. M. Peticolas, all of El Paso, for appellant. Wallace & Gardner, of El Paso, for appellee.

HARPER, C. J. This suit was brought by Angela La Londe, who sued as temporary administratrix and personal representative of the estate of R. H. La Londe, deceased. She alleged that R. H. La Londe was her husband, and that about April 21, 1912, it became necessary for him to see one of defendant's engineers, whose engine was standing in the yards of the defendant at Carrizozo, N. M.; that, while La Londe was standing in the yards of defendant talking to said engineer, another train operated by defendant struck him and killed him. She alleged that the defendant was operating said train at a negligent and reckless rate of speed without ringing the bell or giving any other notice or warning of the approach of the train; that the employés of defendant could and should have discovered the deceased in time to have stopped the train; that the employés of defendant did discover the deceased in time to have stopped the train, and that defendant's employés were guilty of negligence in failing to stop the train; that, by reason of the law and statutes of the state of New Mexico, she has a right of action against the defendant as administratrix and personal representative.

The defendant, in its answer, pleaded the statute of New Mexico, known as article 3213, limiting a recovery to the sum of $5,000, and vesting the right of recovery in persons other than the personal representatives or administratrix. It pleaded that La Londe and the operatives of the train which killed him were fellow servants. It denied that Angela La Londe is now the duly and legally qualified and acting temporary administratrix of the estate of La Londe. It denied that its tracks were a public loitering place, as alleged by plaintiff, and alleged that La Londe was in said yards at a time when he was off duty, and in furtherance of his own private business, and was therefore a trespasser, and alleged that La Londe was standing so far away from said track as that he could not be struck, but negligently failed to exercise his own faculties for the purpose of safeguarding himself, and, when defendant's train was only eight or ten feet away from him, he suddenly stepped back so that it was impossible for defendant's employés to stop said train in time. It denied that its employés were in any manner guilty of negligence, alleged that the train was coming in to stop at said station and at a reasonable rate of speed; that the whistle had been blown and the bell was ringing. By supplemental petition, the plaintiff pleaded that the article of the New Mexico statute pleaded by defendant was not the law of New Mexico, but had been repealed, and pleaded certain other articles of the New Mexico statutes and of the New Mexico Constitution, which plaintiff claimed governed the case.

The trial resulted in a verdict for $13,750 in favor of plaintiff, from which this appeal is perfected.

The first error assigned is that the court erred in refusing to admit in evidence before the jury the statutes of New Mexico being in force at the time, as being the law governing the rights of the parties at the time of the accident.

The second, ninth, and thirteenth assignments are that the court erred in refusing peremptory instruction in favor of defendant, first, because it being undisputed that the accident occurred in New Mexico, and the laws of that state having been proven, and it appearing therefrom that a clear and adequate remedy is thereby provided, must govern instead of the laws of Texas.

[1] And the third and fourth are that the statute of New Mexico limits the amount to be recovered in cases of death to $5,000; and, the law being that the courts of one state must give full faith and credit to statutes of other states, plaintiff was not entitled to recover over $5,000.

Section 3213 of the laws of the territory of New Mexico, Compilation of 1897, limiting recovery to $5,000 to be recovered by husband or wife, or children or parents, was not repealed by act of 1891. Romero v. Railway Co., 11 N. M. 679, 72 Pac. 37. But it is in conflict with and was repealed by section 16, art. 20, of the Constitution, adopted by the subsequently created state, which reads:

"Every person, receiver or corporation owning or operating a railroad within this state shall be liable in damages for injury to, or the death of, any person in its employ, resulting from the negligence, in whole or in part, of said owner or operator or of any of the officers, agents or employés thereof, or by reason of any defect or insufficiency, due to its negligence, in whole or in part, in its cars, engines, appliances, machinery, track, roadbed works, or other equipment. An action for negligently causing the death of an employé as above provided shall be maintained by the executor or administratrix for the benefit of the employé's surviving widow or husband and children; or if none, then his parents; or if none, then the next of kin dependent upon said deceased. The amount recovered may be distributed as provided by law. Any contract or

agreement made in advance of such injury with any employé waiving or limiting any right to recover such damages shall be void."

Section 4 of article 22 reads:

"All laws of the territory of New Mexico in force at the time of its admission into the Union as a state, not inconsistent with this Constitution, shall be and remain in force as the laws of the state until they expire by their own limitation, or are altered or repealed; and all rights, actions, claims, contracts, liabilities and obligations, shall continue and remain unaffected by the change in the form of government."

[2, 3] Section 16, to this extent, is self-executing and authorizing maintenance of the suit by administrator for benefit of surviving wife, children, etc., without limitation upon amount of recovery. The self-executing character of the constitutional provision in this respect is not affected by the fact that distribution of the amount of recovery is to be thereafter regulated by statutory provision. The proof of foreign laws is made to the court rather than to the jury. All matters of law are properly referable to the court. The object of proof of foreign laws is to enable the court to instruct the jury what, in point of law, is the result of the foreign law to be applied to the matter in controversy. Willard v. Conduit, 10 Tex. 213. This was the procedure here followed, and the court seems to have applied the law of New Mexico in his charges to the jury. He therefore did not refuse to give full faith and credit to the laws of that state.

[4] The fifth, sixth, seventh, eighth, and fourteenth assignments complain that a peremptory instruction should have been given, because it was not shown that plaintiff, at time of trial, was the temporary administratrix of estate of R. H. La Londe, and are not well taken. An order of the county court showed that she had been appointed as such administratrix with authority to file and prosecute this suit to final judgment. The court had the authority, by proper orders made at each succeeding term, to continue the temporary administration so long as might be necessary to accomplish the purpose of the original appointment. Insurance Co. v. Gibbs, 34 Tex. Civ. App. 132, 78 S. W. 398. In the absence of evidence to the contrary, it would be presumed that the proper orders continuing the temporary administration had been made. Williams v. Bank, 91 Tex. 651, 45 S. W. 690; Moore v. Hanscom, 101 Tex. 293, 106 S. W. 876, 108 S. W. 150; Waggoner v. Sneed, 138 S. W. 220; Gulf Ry. Co. v. Beezley, 153 S. W. 651.

[5] It would also seem, if the temporary administration had lapsed, that it would be necessary to raise the question by sworn plea in abatement. Subdivision 2 of article 1906, R. S.

[6] By the tenth, eleventh, twelfth, and fifteenth assignments, it is urged that the trial court erred in giving those portions·of its charge wherein the question of whether the deceased was, at the time of the accident, an employe of defendant and entitled to the protection the law gives to an employé.

That portion of paragraph 7 of the charge, wherein the jury is told that if La Londe was waiting to be called for duty at time of the accident, and was at that time subject to the orders, rules, and regulations of defendant, should probably have been omitted. But it does not present reversible error, because the paragraph in question, as a precedent to recovery, requires the jury to further find that defendant's yards and tracks at and adjacent to the point and place where deceased was standing at the time he was struck by said engine were and had been, prior to said time, customarily and generally used by the public, as well as by defendant's employés when off duty, as a highway and public place for the purpose of crossing the yards and tracks, as alleged by plaintiff.

In view of this latter instruction, it would be of no consequence whether he was on duty or not, and the error in the charge was prejudicial to appellee, rather than to appellant.

Special charge No. 5, complained of in the sixteenth assignment, was properly refused, in view of the testimony of Barrett Hamilton, relative to the use of defendant's tracks, at point of accident, by the general public and employés off duty, as held next above.

[7] By the sixteenth assignment, it is urged that the verdict was contrary to the evidence, and for that reason should be set aside.

We have carefully read the evidence, and find that it reasonably supports the verdict and judgment. In such case, it will not be set aside. Thomas v. Barthold, 171 S. W. 1071.

The assignments are overruled, and cause affirmed.