SIMMONS et al. v. WESTERN INDEMNITY CO. (No. 8996.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 15, 1919.)

1. INSURANCE ⟊679—ASSUMPTION OF LIABILITIES BY ANOTHER COMPANY.

A contract of one company assuming the liabilities of another company does not constitute an issuance of a new policy upon the life of one dead at the date of such contract, nor an extension of the period of limitation which had begun to run.

2. INSURANCE ⟊177 — PREMIUMS — DEFAULT AFTER INJURY.

A beneficiary can recover upon an accident policy for injury occurring during the period for which a premium was paid, though death from the injury took place after such period.

3. LIMITATION OF ACTIONS ⟊24(1)—INSURANCE ⟊558(4), 623(1)—PROOF OF CLAIM—FAILURE TO FURNISH BLANKS—WAIVER—STATUTE OF LIMITATIONS.

Where the beneficiary in an accident policy wrote to the insurer within 90 days after death of insured, as provided by the policy, to furnish blanks required for proof, but insurer failed to furnish same, such failure constitutes a waiver of insurer's right to such proof, and of the contractual period of limitation stated in the policy in pursuance of Vernon's Sayles' Ann. Civ. St. 1914, art. 4742, and hence the statutory period of four years applied.

4. LIMITATION OF ACTIONS ⟊199(1) — INSURANCE POLICY—"REASONABLE TIME."

Unless the facts are clear, the question as to what is a "reasonable time" after refusal of insurer to furnish blanks for proof of loss under an accident policy, during which time limitations would not run against action by insured, is a mixed question of law and fact to be submitted to the jury under proper instructions; "reasonable time" being such promptitude as the situation of the parties and the circumstances allow (citing Words and Phrases, vol. 4, p. 186).

5. INSURANCE ⟊668(14) — QUESTION FOR JURY—NOTICE AND PROOF.

Whether the beneficiary in an accident policy notified the insurer of the death of insured and requested blanks required by the policy for proof of claim, and received no reply and no blanks were sent, held a question of fact for the jury.

6. INSURANCE ⟊146(3), 623(1)—ACTION ON POLICY — LIMITATION PROVISIONS — CONSTRUCTION.

The provision in an insurance policy for shortening the period of limitation, being one for the benefit of the insurer, may be waived, and will be construed strictly against the insurer and liberally in favor of the beneficiary.

Appeal from Cooke County Court; H. S. Holman, Judge.

---

Action by Georgia Simmons and others against the Western Indemnity Company. From a judgment for defendant, plaintiffs appeal. Reversed and remanded.

E. A. Blanton, of Gainesville, and Thos. C. Tripp, of Nocona, for appellants.

C. R. Pearman and Davis & Davis, all of Gainesville, for appellee.

BUCK, J. [1] This is an appeal from a judgment for defendant under an instructed verdict. We are not advised as to whether the ground upon which the peremptory instruction was given was that, in the opinion of the court, the uncontroverted evidence sustained one or more of the defendant's pleas of limitation, or that the court concluded that the facts showed that the policy was not in force at the time of the insured's death. In this connection, it may be well to state that in our opinion the fact that the Western Indemnity Company on October 16, 1913, in writing, assumed all the liabilities of the Western Casualty & Guaranty Insurance Company, which company issued the policy declared upon, would not extend or in any way affect the question of limitation. The contract of assumption of liability by the appellant company, while for the benefit of the policy holders in the Western Casualty & Guaranty Company as their rights existed at the time of such assumption, could not reasonably be held as the issuance of a new policy upon the life of one who was dead at the date of the contract between the two companies, or as prolonging any period of limitation which had begun to run.

It is agreed in the statement of facts that on October 16, 1913, the Western Indemnity Company "assumed, in writing, all liabilities" of the Western Casualty & Guaranty Insurance Company. If the insured in any policy issued by the Western Casualty & Guaranty Insurance Company had died prior to the assumption of liability by the Western Indemnity Company, such right of action against the company issuing the policy, as the beneficiary named might have had, was fixed at the time of the reinsurance, and her right of recovery would be determined according to the terms of the policy as originally issued. As to policies matured by death, the beneficiary's rights would not be enlarged because of such assumption by the reinsuring company.

Taking the view of the evidence most strongly in favor of the plaintiff below, it may be said that the record discloses the following state of facts, to wit: On May 10, 1912, the insured, Abe Belton, took out a policy in the Western Casualty & Guaranty Insurance Company, hereinafter called the "guaranty company." This policy provided for sick benefits and monthly accident indemnities in the sum of $30, and was in the principal sum of $300. The premium for May

and June, 1912, was paid by the insured prior to his injury, which occurred during the first week in June while he was engaged as a laborer for a paving company in Houston, Tex. The insured was treated by a physician in Houston, and was confined to his bed until July 15th, when he returned to his home in Gainesville, where he was likewise confined to his bed and under medical treatment until August 7th, following, when he died. Within 90 days the widow and beneficiary, appellee here, caused letters to be written to the guaranty company at Houston and Dallas, in both of which cities the company had offices. In these letters, there being some five or six of them, the company was informed of the accident to the insured and his subsequent death therefrom, and was requested to send blanks for proof. No answer was received. The widow was an illiterate negro, unable to read or write, and made no further effort to collect on the policy until the latter part of 1915, when she turned the policy over to her attorney for collection. The attorney immediately set about to locate the guaranty company, and learned that it had left the state of Texas and returned to the state of Oklahoma, and that it had reinsured its risks in the Western Indemnity Company, hereinafter called the "indemnity company," and that the indemnity company had assumed the rights and all liabilities of the old company. He then wrote to the indemnity company at Dallas, giving it the date of Belton's death and all particulars with reference thereto, and asked the company to send him blanks to make proof of death. The manager of the claim department replied: That he had examined the books carefully and had failed to find any claim made under the Belton policy. That the company had never received any letters from Belton's widow giving information of the insured's death and requesting blanks for proof of death. That, if any claim against the company had ever existed by reason of Belton's alleged injury and death, at the time the company was informed thereof the claim was barred by limitation. That while the company did not ordinarily take advantage of the statute of limitation, yet, in this instance, the accident had happened so long ago that it would be impossible for the company to obtain trustworthy evidence of the man's injury or the cause of insured's death. Hence the company refused to recognize the claim. The correspondence between the indemnity company and appellee's attorney seems to have occurred during March and April of 1916. Suit was filed March 15, 1916, or three years, seven months, and eight days after the insured's death.

Plaintiff sought to recover the sum of $330, together with interest and attorney's fees, the $30 being claimed for total disability of

insured "for the second month that said Abe Belton was confined to his room and unable to work."

Part XI, under the head of "Indemnity Payments," of the policy, provides that claims of disability of less than one month's duration shall be payable after the termination of the disability only, while another clause provides that in consideration of the extra premium paid the indemnity mentioned extended to cover the first week of any illness for which the insured would be entitled to benefit according to the terms and conditions of the policy. Just why the claim was made for indemnity covering the second month's illness, and not the first, is not disclosed either in the record or in the briefs.

[2] There is no claim made by plaintiff that the premium for either July or August, 1912, was paid. The policy provides that—

"The payment of any past-due premium shall not continue this insurance in force beyond the first day of the succeeding month."

But it has been held that recovery may be had upon a policy for injury, resulting in loss of time or death, occurring during the period for which premium has been paid, though death of the insured took place after such period. Burkheiser v. Mut. Acc. Association, 61 Fed. 816, 10 C. C. A. 94, 26 L. R. A. 112; 14 R. C. L. § 148, p. 976. If this holding be sound, and we are of the opinion that it is, then, if limitation does not bar a recovery, it would seem that the peremptory instruction should not have been given.

The policy contains the following clause:

"No proceedings at law or in equity shall be brought against the company for recovery under this policy until ninety days from the date of filing proof, nor shall the same be brought at all unless commenced within two years and ninety days from the date when the final proofs of claim are filed with the company."

[3] Conceding that the evidence tends to establish that within 90 days the beneficiary wrote to the guaranty company, both at Houston and at Dallas, in which last-named city its general office was maintained, and that no reply was received, and that no proof of death was made because of said failure on the part of the company to furnish such blanks, and that such failure constituted a waiver on the part of the company of the provision in the policy requiring proofs on forms furnished by the company, then was the beneficiary relieved from the bar of limitation, when she delayed suit until March 15, 1916, three years, seven months and eight days from the insured's death? The policy provides that such must be furnished within 90 days after the happening of the event upon which claim of liability is based. Limitation begins to run when a cause of action accrues, and not before, and this does not exist unless facts exist which authorize the person asserting the claim to get relief from some court of justice against the person who ought to make reparation. Stanley v. Schwalby, 85 Tex. 348, 19 S. W. 264. Article 4742, V. S. Revised Civil Statutes, provides that no provision in an insurance policy shortening the limitation period to less than two years shall be valid. The contract of insurance here under consideration provides for a period of limitation of 2 years and 90 days after final proofs of claim are filed with the company. The appellee would have had a reasonable time after her husband's death to attempt to secure the blanks from the company upon which she could make proof of claim. If, after a reasonable time, the company failed to furnish such blanks, such failure, in the absence of reasonable explanation, would be held to constitute a waiver on the company's part of the right to such proof, and the claimant would have the right to prosecute her action in the absence of proofs made. Metropolitan Life Ins. Co. v. Gibbs, 34 Tex. Civ. App. 131, 78 S. W. 398; Williams v. Bowie County, 58 Tex. Civ. App. 116, 123 S. W. 199; Smith v. Wise County, 187 S. W. 705, writ denied. We think it cannot be reasonably held that the failure on the company's part to furnish blanks would stay indefinitely the running of limitation. 17 R. C. L. § 121, p. 755. Only a reasonable time after such failure would be allowed before the operation of the statute would begin. The policy provides, in the case at bar, that proof must be furnished within 90 days after loss of life or the determination of disability. During this period, if proof of loss was not filed before, limitation would not run. Further, perhaps, the beneficiary would have a reasonable time after the failure of the company to furnish blanks before limitation would begin.

[4] " 'Reasonable time' is such promptitude as the situation of the parties and the circumstances of the case will allow. It never means an indulgence in unnecessary delay or in a delay occasioned by a fruitless effort to do the act required." W. & P. vol. 4, p. 186, and cases there cited. Ordinarily, what is a "reasonable time" constitutes a mixed question of law and fact and should be submitted to the jury under proper instructions of the court. Ibid. What is a reasonable time where the facts are clear is held in Standard Oil Co. v. Van Etten, 107 U. S. 325, 1 Sup. Ct. 178, 27 L. Ed. 319, and in Paine v. Central Vermont R. R. Co., 118 U. S. 152, 6 Sup. Ct. 1019, 30 L. Ed. 193, to be a question of law for the court. Giving full credit to plaintiff's testimony, she waited some 3 years after the 90 days allowed for filing proof before she even advised with her lawyer. If the limitation provided in the contract be given effect, this was some 9 months beyond the period of limitation provided.

[5, 6] But we have concluded that in view of plaintiff's testimony that she had letters written, addressed, and mailed to the company, notifying it of the death of the insured and asking for blanks on which to make proof of claim, and that no reply was received from the company, and no blanks sent, and in view of the provision in the policy that proof of claim was required to be made in accordance with the said blank forms furnished by the company, it became a question of fact for the jury as to whether the beneficiary did give the notice and request the furnishing of the necessary blanks by the company. If the company received such notice and within a reasonable time failed to furnish the said blanks, such failure would constitute a waiver of proof, and also a waiver of the contractual period of limitation of 2 years and 90 days after the filing of proofs. "If the limitation applies under certain conditions, such conditions must exist or it will not bar an action." 4 Cooley, Briefs on Insurance, 3971. If the event which was to set the contractual limitation in motion did not occur because of the fault of the insurance company, i. e., the failure to furnish blanks, the provision in the policy shortening the period of limitation would have no effect, and the statutory period of four years would apply. See Dechter v. K. & L. of Security, 130 Minn. 329, 153 N. W. 742, Ann. Cas. 1917C, 142. In this case, it is said:

"Nor can we see that the denial of liability in the answer in the former action started the contract limitation in motion. The reason is simply that this was not the event that the contract stipulated should start the contract limitation in motion. The occurrence of the event provided in the contract having failed as a result of wrongful conduct of defendant, the provision of the contract has no application, and the statutory limitation applies. This is in accordance with the rule generally followed in fire insurance cases."

The provision in the policy requiring suit to be brought within 2 years and 90 days after the filing of proofs was one for the benefit of the company and might be waived. See Bates v. Acc. Co., 87 Vt. 129, 88 Atl. 532, Ann. Cas. 1916C, 447. See, also, 5 Elliott on Contracts, § 428, p. 430; 13 C. J. § 801, p. 700; Landis v. Ins. Co., 56 Mo. 591; Williams v. Ins. Co., 29 Me. 465; Bartlett v. Ins. Co., 46 Me. 500. The stipulation for shortening the period of limitation in an insurance policy being undoubtedly for the benefit of the insurer, the provision should be construed strictly against the insurance company and liberally in favor of the beneficiary.

We have concluded that the trial court erred in giving a peremptory instruction for the defendant, and the judgment is hereby reversed, and the cause remanded for further proceedings not in conflict with this opinion.