## HENRY et al. v. RUST.
### No. 2795.

Court of Civil Appeals of Texas. Beaumont.
July 26, 1935.

Rehearing Denied Sept. 25, 1935.

C. L. Bass and H. J. Hendrix, all of Houston, for plaintiffs in error.

Edwin Hawes, Jr., and Kelley & Munson, all of Wharton, for defendant in error.

WALKER, Chief Justice.

On the 8th day of January, A. D. 1934, appellee, L. G. Rust, temporary administrator of the estate of Sampson Reed Child, deceased, recovered judgment against appellant, Francis M. Henry, for the sum of $35,418.90, being the amount of a series of notes due the estate of Sampson Reed Child by Francis M. Henry, with foreclosure of a mortgage lien against all the appellants on certain real estate described in the judgment, given to secure the payment of the notes.

Appellants have presented their assignments as constituting fundamental error, advancing the following contentions:

First. That by the pleadings appellee was not authorized to recover judgment as temporary administrator. This contention is so clearly without merit that it would serve no useful purpose to quote from appellee's petition. He sued as temporary administrator, and judgment was awarded to him as temporary administrator.

Second. That the county court was without authority to appoint a temporary administrator to bring suit on the notes. This contention is denied. The statutes, articles 3373 and 3374, Revised Statutes 1925, authorized the appointment. See Metropolitan Life Ins. Co. v. Gibbs, 34 Tex. Civ. App. 131, 78 S. W. 398, 399; Gulf, C. & S. F. R. Co. v. Cooper (Tex. Civ. App.) 191 S. W. 579; Williams v. Bank, 91 Tex. 651, 45 S. W. 690; Houston & T. C. Ry. Co. v. Hook, 60 Tex. 403; Callahan v. Houston, 78 Tex. 494, 14 S. W. 1027; El Paso & S. W. Co. v. La Londe (Tex. Civ. App.) 173 S. W. 890.

■ Third. That the cause of action was barred by limitation. Appellee sued in his representative capacity as successor of Sherman W. Child, who instituted this suit on the 17th day of October, 1928, as temporary administrator of the estate of Sampson Reed Child, deceased. The original petition was filed long before the notes were barred by limitation; and there is no question in the record that appellee did not institute a new suit but filed his original petition, "substituting himself in said representative capacity as plaintiff herein." By the recitations in the judgment the trial court found as a fact that Sherman W. Childs was regularly appointed temporary administrator and that appellee succeeded him in that capacity.

■ Fourth. There was no proof that appellee was authorized as temporary administrator to prosecute this suit. The issue was regularly pleaded by appellee and not denied by appellants under oath. Appellants did not challenge by plea in abatement or otherwise appellee's right to maintain this suit until long after they had filed their original answers. The power or right of appellee to maintain this suit should have been raised by plea in abatement filed in due order of pleading. 1 Tex. Jur. 132. The general rule is that matters in abatement are waived if "not in the defendant's first pleading." 1 Tex. Jurisprudence 166. On authority of these principles of law the trial court correctly struck out appellants' plea in abatement.

■ The following additional assignments of fundamental error were raised: (a) There was a contention in the pleadings that the note sued upon in Texas had been reduced to judgment by a Minnesota court. The second assignment of error is that the court erred fundamentally in rendering judgment for $35,418.90, "if based upon the Minnesota judgment." The judgment was based on the notes and not on the Minnesota judgment. (b) The court erred fundamentally in denying appellants the relief prayed for in paragraph 1 of their supplemental answer and trial amendment; in denying the relief prayed for by paragraph 2 of their supplemental answer; by denying the relief prayed for in paragraph 3 of the supplemental answer; in striking out paragraph 2 of the fifth and seventh amended orig-inal answers; in striking out paragraph 3 of the fifth and seventh amended original answers; in striking out paragraph 4 of these answers; in striking out paragraph 5 of these answers; in striking out paragraph 6 of these answers; in striking out paragraph 10 of these answers; in striking out paragraph 7 of these answers; in striking out paragraph 9 of these answers. No statement was made by the briefer showing wherein the matters complained of constituted fundamental error, nor were the pleadings brought forward in the brief as a part of the statement in support of these assignments and propositions under the assignments. We have given most careful consideration to the record in this case, and it is our conclusion that no fundamental error of any kind, character, or description appears on the face of the record.

It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.