CLAY et al. v. ATCHISON, T. & S. F. RY. CO.    (No. 803.)

(Court of Civil Appeals of Texas.    El Paso. Feb. 23, 1918.    Rehearing Denied March 14, 1918.)

1. STATUTES ⊂⊃1—PENAL STATUTES—EXTRATERRITORIAL EFFECT.
    Penal statutes authorizing recovery of a penalty imposed at the suit of a private individual have no extraterritorial effect, and cannot be made the basis of a suit in another state.

2. DEATH ⊂⊃34—STATUTES—ENFORCEMENT IN OTHER STATE.
    Despite Acts 35th Leg. c. 156,[1] as to the situs of suits based on torts committed in foreign states and countries, a widow could not sue a railroad in Texas for death of her husband in a crossing collision in New Mexico, under Code N. M. 1915, § 1820, providing that whenever any person shall die from any injury occasioned by the negligence of any servant while managing a train, etc., the employer shall forfeit and pay the sum of $5,000, which may be sued and recovered by the husband or wife of deceased, since the recoverable sum is allowed as a penalty, and the Texas statute does not apply to causes of action arising in other states under statute awarding a penalty rather than damages.

3. COURTS ⊂⊃95(2)—FOREIGN STATUTE—CONSTRUCTION.
    The Court of Civil Appeals of Texas is not at liberty to place an interpretation upon the laws of New Mexico different from that adopted by the courts of that state.

4. RAILROADS ⊂⊃229—EMPLOYER'S LIABILITY—RAILROADS—CONSTITUTION OF NEW MEXICO.
    New Mexico Const. art. 20, § 16, and article 22, § 2, providing that it shall be unlawful for any railroad corporation knowingly and willfully to use and operate any defective car or locomotive, and that the railroad shall be liable to any employé injured through defect in any car, locomotive, or attachments, etc., relate exclusively to employés of railroads, and have no application in the case of other persons injured or killed through the negligence of a railroad.

5. STATUTES ⊂⊃158—REPEALS BY IMPLICATION.
    Repeals by implication are not favored.

6. COURTS ⊂⊃95(2)—REPEAL—CARRYING FORWARD OF SECTION—HOLDING OF COURT.
    Where the Legislature of another state has carried forward in every compilation of laws since its original enactment a section of an act, and subsequent acts relied on as repealing it were all in force and before the Supreme Court of the other state when it decided a case against repeal, the section is still in force.

7. DEATH ⊂⊃11—DEATH BY WRONGFUL ACT.
    At common law, no action would lie for an injury resulting in death, and the Legislature of a state could grant by statute or withhold any right of action.

8. CONSTITUTIONAL LAW ⊂⊃208(6)—UNJUST DISCRIMINATION—IMPOSITION OF DIFFERING LIABILITIES FOR DEATH NEGLIGENTLY CAUSED.
    The Legislature of a state, without unjustly discriminating against any of the parties affected, could impose on railroads a penalty in a fixed sum in cases of persons negligently killed who were not employés, which sum should be recoverable, regardless of the amount of damages actually sustained, and, as to employés, give a right of action for damages actually sustained, and make persons and corporations other than those operating a railroad liable for all damages actually sustained by reason of a negligent killing.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Suit by Mrs. L. H. Clay, wherein John L. Dyer, administrator and personal representative of the estate of L. H. Clay, deceased, intervened against the Atchison, Topeka & Santa Fé Railway Company. From judgments of dismissal, plaintiff and intervener appeal. Affirmed.

Jno. L. Dyer and Geo. E. Wallace, both of El Paso, for appellants. Terry, Cavin & Mills, of Galveston, and Turney, Culwell, Holliday & Pollard, of El Paso, for appellee.

Statement of Case.

HIGGINS, J.    L. H. Clay was killed November 22, 1915, in New Mexico by a collision

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1]Vernon's Ann. Civ. St. Supp. 1918, art. 7730½.

with a locomotive of appellee at a railroad crossing. He was not an employé. Mrs. Clay, his widow, brought this suit in the district court of El Paso county, Tex., to recover $5,000 damages alleging that her husband's death was caused by the negligence of appellee's employé operating the locomotive. Thereafter John L. Dyer, administrator and personal representative of the estate of the decedent, intervened and sought to recover damages in the sum of $30,000, on account of the death of Clay. He also alleged negligence on the part of defendant and its employés operating the locomotive which struck the deceased. Exceptions were sustained to both petitions, and on April 13, 1917, the suits were dismissed. The laws of New Mexico upon which the plaintiff and intervener base their cause of action are set up in their petitions. The plaintiff based her suit upon section 1820 of the 1915 codification of the laws of New Mexico. This was originally section 1 of a law of the territorial Legislature enacted in 1882 (Laws 1882, c. 61). This law reads:

"Section 1. Whenever any person shall die from any injury resulting from, or occasioned by the negligence, unskillfulness, or criminal intent of any officer, agent, servant or employé, whilst running, conducting or managing any locomotive car, or train of cars, or of any driver, or of any stagecoach or other public conveyance, while in charge of the same as driver; and when any passenger shall die from any injury resulting from, or occasioned by any defect or insufficiency in any railroad, or any part thereof, or in any locomotive or car, or in any stagecoach, or other public conveyance, the corporation, individual or individuals in whose employ any such officer, agent, servant, employé, engineer or driver shall be at the time such injury was committed, or who owns any such railroad, locomotive, car, stagecoach or other public conveyance, at the time any injury is received, resulting from, or occasioned by any defect or insufficiency above declared, shall forfeit and pay for every person or passenger so dying, the sum of five thousand dollars ($5,000.00), which may be sued and recovered: First, by the husband or wife of the deceased: or second, if there be no husband or wife, or if he or she fails to sue within six months after such death, then by the minor child or children of the deceased; or third, if such deceased be a minor and unmarried, then by the father and mother, who may join in the suit, and each shall have an equal interest in the judgment; or if either of them be dead, then by the survivor. In suits instituted under this section, it shall be competent for the defendant for his defense to show that the defect or insufficiency named in this section, was not a negligent defect or insufficiency.

"Sec. 2. Whenever the death of the person shall be caused by a wrongful act, neglect or default of another, and the act or neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or the corporation which would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured.

"Sec. 3. All damages accruing under the last preceding section shall be sued for and recovered by the same parties and in the same manner as provided in section 1 of this act, and in

every such action the jury may give such damages, not exceeding five thousand dollars ($5,000.00), as they may deem fair and just, with reference to the necessary injury resulting from such death, to the surviving parties, who may be entitled to sue, and also having regard for the mitigating or aggravating circumstances attending such wrongful act, neglect or default."

The petition of the intervener showed the enactment of this law, and that the first, second, and third sections thereof became sections 2308, 2309, and 2310, respectively, of the Compiled Laws of 1884. Intervener's petition shows additional legislation and constitutional provisions, as follows: In 1891 the Legislature enacted this law:

"Section 1. Section 2309 of the Compiled Laws of New Mexico of 1884 be and the same is so amended as to read as follows, viz.:

"'Sec. 2309. Whenever the death of a person shall be caused by the wrongful act, neglect or default of another, although such death shall have been caused under such circumstances as amount in law to a felony, and the act or neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured.'

"Sec. 2. Section 2310 of the Compiled Laws of New Mexico of 1884 be and the same is hereby amended so as to read as follows, viz.:

"'Sec. 2310. Every such action as mentioned in the next preceding section shall be brought by and in the name or names of the personal representative or representatives of such deceased person, and the jury in every such action may give such damages, compensatory and exemplary, as they shall deem fair and just, taking into consideration the pecuniary injury or injuries resulting from such death to the surviving party or parties entitled to the judgment, or any interest therein, recovered in such action, and also having regard to the mitigating or aggravating circumstances attending such wrongful act, neglect or default. The proceeds of any judgment obtained in any such action shall not be liable for any debt of the deceased: Provided, he or she shall have left a husband, wife, child, father, mother, brother, sister, or child or children of the deceased child, but shall be distributed as follows: First. If there be a surviving husband or wife, and no child, then to such husband or wife; if there be a surviving husband or wife and a child or children or grand-children, then equally to each, the grand-child or grand-children taking by right of representation; if there be no husband or wife, but a child or children, or grand-child or grand-children, then to such child or children and grand-child or grand-children by right of representation; if there be no child or grand-child, then to a surviving brother or sister, or brothers or sisters, if there be any; if there be none of the kindred hereinbefore named, then the proceeds of such judgment shall be disposed of in the manner authorized by law for the disposition of the personal property of deceased persons.'

"Sec. 3. All acts and parts of acts in conflict with this act are hereby repealed, and this act shall take effect and be in force from and after its passage." Laws 1891, c. 49.

In the compilation of the laws made in 1897, section 1 of the act of 1882 became section 3213, and the second and third sections, as amended in 1891, became sections 3214 and 3215, respectively. In 1915 the laws of New

Mexico were again codified, and in this compilation sections 3213, 3214, and 3215 of the previous codification became sections 1820, 1821, and 1823, respectively. The only changes in the last codification are minor ones as to verbiage, and in no material way do they affect the meaning. In 1893 the Legislature enacted a law of which section 5 became section 1824 of the 1915 compilation. The same reads:

"Sec. 1824. *Railroad's Defective Equipment— Duty of Employés.* Sec. 5. It shall be unlawful for any railroad corporation knowingly and willfully to use or operate any car or locomotive that is defective, or any car or locomotive upon which the machinery or attachments thereto belonging are in any manner defective, or shops or machinery and attachments thereof which are in any manner defective, which defects might have been previously ascertained by ordinary care and diligence by said corporation.

"If the employé of any such corporation shall receive any injury by reason of such defect in any car or locomotive or machinery or attachments thereto belonging, or shops or machinery and attachments thereof, owned and operated, or being run and operated by such corporation, through no fault of his own, such corporation shall be liable for such injury, and upon proof of the same in an action brought by such employé or his legal representatives in any court of proper jurisdiction, against such railroad corporation for damages on account of such injury so received, shall be entitled to recover against such corporation any sum commensurate with the injuries sustained: Provided, that it shall be the duty of all the employés of railroad corporations to promptly report all defects coming to their knowledge in any such car or locomotive or shops or machinery and attachments thereof to the proper officer or agent of such corporation and after such report the doctrine of contributory negligence shall not apply to such employé."

Section 16, article 20, of the Mexico Constitution reads:

"Every person, receiver or corporation owning or operating a railroad within this state shall be liable in damages for injury to, or the death of, any person in its employ, resulting from the negligence, in whole or in part, of said owner or operator or of any of the officers, agents or employés thereof, or by reason of any defect or insufficiency, due to its negligence, in whole or in part, in its cars, engines, appliances, machinery, track, roadbed, works or other equipment. An action for negligently causing the death of an employé as above provided shall be maintained by the executor or administrator for the benefit of the employé's surviving widow or husband and children; or if none, then his parents; or if none, then the next of kin dependent upon said deceased.

"The amount recovered may be distributed as provided by law. Any contract or agreement made in advance of such inquiry with any employé waiving or limiting any right to recover such damages shall be void."

Section 2 of article 22 of the Constitution reads:

"Until otherwise provided by law, the act of Congress of the United States, entitled 'An act relating to liability of common carriers by railroad to their employés in certain cases,' approved April twenty-second nineteen hundred and eight, and all acts amendatory thereof, shall be and remain in force in this state to the same extent that they have been in force in the Territory of New Mexico."

In 1893 the Legislature enacted chapter 28, which has been carried forward in all subsequent compilations of the laws and is now in force. This chapter reads:

"An Act for the Protection and Relief of Railroad Employés, and for Other Purposes, S. C. B. 28; Approved February 17, 1893."

### Contents.

"Section 1. Railroads liable to employés for damages to the person in certain contingencies.
"Sec. 2. Unlawful to use defective locomotives, cars and machinery. Employé injured in consequence, railroad liable: Provided.
"Sec. 3. Actions brought under section 2310 of Compiled Laws as amended in 1891.
"Be it enacted by the Legislative Assembly of the territory of New Mexico:
"Section 1. Every corporation operating a railway in this territory shall be liable in a sum sufficient to compensate such employé for all damages sustained by any employé of such corporation, the person injured or damaged being without fault on his or her part, occurring or sustained in consequence of any mismanagement, carelessness, neglect, default or wrongful act of any agent or employé of such corporation, while in the exercise of their several duties, when such mismanagement, carelessness, neglect, default, or wrongful act of such employé or agent could have been avoided by such corporation through the exercise of reasonable care or diligence in the selection of competent employés, or agents, or by not over-working said employés or requiring or allowing them to work an unusual or unreasonable number of hours; and any contract restricting such liability shall be deemed to be contrary to the public policy of this territory and therefore void.
"Sec. 2. It shall be unlawful for any such corporation knowingly and willfully to use or operate any car or locomotive that is defective, or any car or locomotive upon which the machinery or attachments thereto belonging are in any manner defective, or shops or machinery and attachments thereof which are in any manner defective, which defects might have been previously ascertained by ordinary care and diligence by said corporation.
"If the employé of any such corporation shall receive any injury by reason of such defect in any car or locomotive or machinery or attachments thereto belonging, or shops or machinery and attachments thereof, owned and operated, or being run and operated by such corporation, through no fault of his own, such corporation shall be liable for such injury, and upon proof of the same in an action brought by such employé or his legal representatives, in any court of proper jurisdiction, against such railroad corporation for damages on account of such injuries so received, shall be entitled to recover against such corporation any sum commensurate with the injuries sustained: Provided, that it shall be the duty of all the employés of railroad corporations to promptly report all defects coming to their knowledge in any such car or locomotive or shops or machinery and attachments thereof to the proper officer or agent of such corporation and after such report the doctrine of contributory negligence shall not apply to such employé.
"Sec. 3. Whenever the death of an employé shall be caused under circumstances from which a cause of action would have accrued under the provisions of the two preceding sections, if death had not ensued, an action therefor shall be brought in the manner provided by section 2310 of the Compiled Laws of New Mexico, as amended by chapter XLIX of the Session Laws of 1891 of New Mexico, and any sum recovered therein shall be subject to all of the provisions of said section 2310 as so amended."

The intervener's petition avers that the foregoing are all of the statutory and constitutional provisions of New Mexico pertaining to injuries resulting in death. The petition then sets out the "repealing and saving clauses of the codification of 1915." If any portions thereof could have any possible pertinency, it is the following:

"The provisions of the foregoing sections taken or adopted from existing statutes, shall be construed as continuations thereof, and not as new enactments. * * *
"All acts and parts of acts of a general and permanent nature, not contained in this codification, are hereby repealed, but this act shall not revive any act or portion of an act repealed by them."
Code 1915, p. 1665.

## Opinion.

[1, 2] The question which first arises in determining the sufficiency of Mrs. Clay's petition is as to the nature of section 1820 of the codification of 1915 upon which she predicates her cause of action. Penal statutes, authorizing a recovery of the penalty imposed at the suit of a private individual, have no extraterritorial effect, and cannot be made the basis of a suit in another state. Adams v. Railway Co., 67 Vt. 76, 30 Atl. 687, 48 Am. St. Rep. 800. This is a well-settled principle of law. This very statute has been considered by the courts of Kansas, held to be penal, and recovery denied thereunder in a suit brought in Kansas. Dale v. Railway Co., 57 Kan. 601, 47 Pac. 521. A statute of Missouri precisely the same in every material respect was held to be penal by the St. Louis Court of Appeals. It is so considered by Associate Justice Hawkins of the Supreme Court of Texas. See opinion rendered by him on refusing writ of error in Railway Co. v. La Londe, 184 S. W. 498. See, also, Eakin v. Scott, 70 Tex. 445, 7 S. W. 777; Adams v. Railway Co. supra. The language of section 1820 clearly discloses that the recoverable sum is allowed as a penalty, and that it is not a compensatory statute. Upon this view it follows that the court did not err in sustaining the exception to Mrs. Clay's petition. In this connection it is urged that chapter 156, Acts 35th Legislature of Texas, authorizes the maintenance of a suit in this state upon a cause of action arising in New Mexico under the section. This act of our Legislature was not in effect at the time the exceptions were presented and the judgment rendered in the court below. Furthermore, it relates to causes of action arising in other states and countries under statutes awarding damages compensatory in their nature. We do not construe this act as applying to causes of action arising in other states, under statutes of those states awarding a sum of money as a penalty, rather than as compensatory damages.

[3] Passing now to the sufficiency of intervener's petition, it appears that in 1903 the Supreme Court of New Mexico in a suit by the administrator of the estate of Juan Leyba, deceased, against the appellee herein (Leyba not being an employé), held that section 1 of the act of 1882 was applicable in such cases. Romero v. Railway Co., 11 N. M. 679, 72 Pac. 37. It seems to this court that this holding was correct. But, if we were inclined to dissent therefrom, we would not feel at liberty to place a different interpretation upon the laws of New Mexico from that adopted by the courts thereof.

[4] Intervener asserts that section 1 of the original act has been repealed by the constitutional provisions copied above, citing in support of this contention Railway Co. v. La Londe, 173 S. W. 890. These constitutional provisions relate exclusively to employés, and have no application in the case of other persons injured or killed through the negligence of a railroad. In the La Londe Case, it was stated that section 3213 (section 1, Act of 1882) was repealed by section 16, article 20, of the Constitution. But in that case La Londe was an employé, and the statement indicated was made upon that state of facts. There is no conflict between section 1 of the act of 1882 and the constitutional provisions pleaded by intervener, except as to employés, and the former was not repealed by the latter, except as to employés.

[5, 6] Intervener further contends that said section 1 was repealed by the subsequent statutory provisions quoted. There is no direct repealing statute, and if a repeal has been effected, it is by implication. Such repeals are not favored. There is no irreconcilable or unavoidable repugnancy between the various acts except as to employés. The Legislature of New Mexico does not consider that section 1 of the act of 1882 has been repealed in toto, for it has been carried forward in every compilation of laws since its original enactment. The acts relied upon by intervener were all in force and before the Supreme Court of New Mexico when the Romero Case was decided. That court held as indicated above. So we do not see how it can be successfully asserted that section 1 of the original act is not still in effect and the governing statute in the present case.

There is no merit in the remaining contention of intervener, as set forth in this proposition:

"There is a presumption in favor of the constitutionality of a statute and when a statute is susceptible of two constructions, one of which supports it and gives it effect and the other renders it unconstitutional and void, the former will be adopted even though the latter may be the most natural interpretation of the language used. Sections 1821 and 1823 of the codification of the laws of New Mexico of 1915, can only be held constitutional and not violative of the federal Constitution as denying the equal protection of the laws, by treating and regarding section 1820 of the codification of the Laws of New Mexico of 1915, and section 1 of the act of 1882, as abrogated, void and re-

pealed; otherwise, said sections 1821 and 1823 would not be within the scope of the Fourteenth Amendment to the Constitution of the United States, because it imposes upon natural persons and all corporations other than carriers a more onerous liability than it imposed upon carriers and is not supported by any just classification in relation to acts in respect to which the classification is proposed, and would be arbitrary and without any reasonable basis for classification."

[7, 8] At common law, no action would lie for an injury resulting in death. The action rests upon statutory provision. The policy of a state in this respect is vested in its Legislature. It was competent for that body, if it saw fit, to withhold any right of action. If it saw fit, it could impose upon railroads a penalty in a fixed sum in cases of persons negligently killed who were not employés, which sum would be recoverable, regardless of the amount of damages actually sustained, and as to employés give a right of action for damages actually sustained; also to make persons and corporations other than those operating a railroad liable for all damages actually sustained by reason of a negligent killing. We are not prepared to say that such legislation would be unjust discrimination against any of the parties affected. If it is, it would be difficult to say against whom the discrimination exists. It would not seem to be cause for complaint upon the part of those in whose favor the right of action is given. They cannot complain because they are entitled only to the benefits in this respect which the Legislature seems fit to confer. If any one can complain of an unjust discrimination, it is those against whom the different liabilities are imposed. We therefore regard section 1820 of the 1915 compilation as being the one under which the only right of action accrued for the killing of L. H. Clay.

It therefore follows that the exceptions to the intervener's petition were properly sustained: (1) For the same reason which precludes Mrs. Clay from recovery in Texas. (2) Because under section 1820 the right of action is in favor of the next of kin, and the administrator is not authorized to maintain the suit. Romero Case, supra.

Affirmed.