**CLAY et al. v. ATCHISON, T. & S. F. RY. CO.**
**(No. 207–3296.)**

(Commission of Appeals of Texas, Section A.
March 2, 1921.)

**1. Death ⚖➜9—New Mexico penal statute held not repealed.**

Code N. M. 1915, § 1820, providing that whenever any person shall die from any injury occasioned by the negligence of any servant while managing train, etc., the employer shall forfeit and pay the sum of $5,000, was not repealed or rendered null and void by provisions contained in the Constitution of such state, or by subsequent statutory enactments.

**2. Death ⚖➜7—Action held governed by penalty.**

An action by a widow for death of her husband in a collision between a truck and defendant's train in New Mexico, deceased not being an employé of the railroad, was governed by penalty provided by Code N. M. 1915, § 1820, and was not governed or controlled by sections 1821 and 1823.

**3. Death ⚖➜35—New Mexico statute not enforceable in Texas.**

Notwithstanding Acts 35th Leg. (1917) c. 156 (Vernon's Ann. Civ. St. Supp. 1918, art. 7730½), as to situs of suits based on torts committed in foreign states and countries, a widow cannot sue a railroad in Texas for the death of her husband in a crossing collision in New Mexico, under Code N. M. 1915, § 1820, providing that whenever any person shall die from any injury occasioned by the negligence of any servant while managing a train the employer shall forfeit and pay the sum of $5,000, since the recoverable sum is allowed as a penalty.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Suit by Mrs. L. H. Clay, as widow of L. H. Clay, against the Atchison, Topeka & Santa Fé Railway Company, in which John L. Dyer, as administrator of the estate of deceased, intervened. From a judgment of the Court of Civil Appeals (201 S. W. 1072), affirming a judgment for defendant, plaintiff brings error. Affirmed.

Geo. E. Wallace and Jno. L. Dyer, both of El Paso, for plaintiff in error.

Turney, Culwell, Holliday & Pollard, of El Paso, and Terry, Covins & Mills, of Galveston, for defendant in error.

TAYLOR, J. This suit for damages for the killing of L. H. Clay in New Mexico by one of the trains of the Atchison, Texas & Santa Fé Railway Company was instituted against the railway company in a Texas court at El Paso by Mrs. Clay, widow of the deceased, alleging negligence on the part of the company, its agents and employés, and seeking recovery of $5,000. The death of Clay resulted from a collision at a railroad crossing of an automobile truck, operated by him, with one of the railway company's locomotives. Deceased was not an employé of the railway company. A few months after the filing of the suit by Mrs. Clay, John L. Dyer, as administrator of the estate of the deceased, intervened, suing to recover from the railway company damages in the sum of $30,000 for the death of Clay. The intervener alleged negligence of the same character· as that alleged by Mrs. Clay. Demurrers were sustained to both petitions, and the case was dismissed without prejudice to the right of Mrs. Clay to sue in the state of New Mexico. The Court of Civil Appeals affirmed the judgment of the trial court. 201 S. W. 1072.

Mrs. Clay filed her action under section 1820 of the 1915 compilation of the laws of New Mexico. The section, omitting immaterial provisions, is as follows:

"Section 1. Whenever any person shall die from any injury resulting from ′ * * * negligence, unskillfulness or criminal intent of any officer, agent, servant or employé, whilst running, conducting or managing any locomotive, car, or train of cars * * * and when any passenger shall die from any injury resulting from * * *. any defect or insufficiency in any railroad, * * * * the corporation, individual, or individuals, in whose employ any such officer, agent, servant, employé, or engineer * * * shall be at the time such injury was committed * * * shall forfeit and pay for every person or passenger so dying, the sum of five thousand dollars, which may be sued and recovered; first, by the husband or wife of the deceased; or second, if there be no husband or wife, or if he or she fails to sue within six months after such death, then by the minor child or children of the deceased; or third, if. such deceased be a minor and unmarried,. then by the father and mother, who may join in the suit, and each shall have an equal interest in the judgment; or if either of them be dead, then by the survivor. * * * "

The foregoing section was originally section 1 of the territorial law of New Mexico enacted in 1882. Sections 2 and 3 of the law were as follows:

Section 2. "Whenever the death of the person shall be caused by a wrongful act, neglect or default of another, and the act or neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or the corporation which would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured."

Section 3. "All damages accruing under the last preceding section shall be sued for and recovered by the same parties and in the same manner as provided in sec. 1 of this act, and in every such action the jury may give such. damages, not exceeding five thousand dollars, as they may deem fair and just, with reference to the necessary injury resulting from such death, to the surviving parties, who· may be

entitled to sue, and also having regard to the mitigating or aggravating circumstances attending such wrongful act, neglect or default."

The three sections of the law set out above became sections 2308, 2309, and 2310, respectively, of the Compiled Laws of 1884 of the territory of New Mexico.

In 1891, sections 2309 and 2310 were so amended by the territorial Legislature as to read. as follows, omitting immaterial provisions:

"Sec. 2309. Whenever the death of a person shall be caused by the wrongful act, neglect or default of another, although such death shall have been caused under such circumstances as amount in law to a felony, and the act or neglect or default such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured. .

"Sec. 2310. Every such action as mentioned in the next preceding section shall be brought by and in the name or names of the personal representative or representatives of such deceased person, and the jury in every such action may give such damages, compensatory and exemplary, as they shall deem fair and just, taking into consideration the pecuniary injury or injuries resulting from such death to the surviving party or parties entitled to the judgment, or any interest therein, recovered in such action, and also having regard to the mitigating or aggravating circumstances attending such wrongful act, neglect or default." Laws 1891, c. 49.

The concluding section of the amendment expressly repealed all acts and parts of acts in conflict therewith.

In the codification of the laws of the territory in 1897, section 1 of the act of 1882 and the two sections amended as set out above became sections 3213, 3214, and 3215, respectively. In the 1915 compilation of the laws of the state of New Mexico the three sections became sections 1820, 1821, and 1823, respectively.

The intervener alleged that the cause of action set up by him arose under sections 1821 and 1823; that section 1820 is not applicable; that it is penal in its nature, and cannot be enforced by the courts of Texas; that it is in effect repealed by subsequent enactments of the Legislatures of the territory and state of New Mexico; that, section 1820 having been repealed, sections 1821 and 1823 apply to and govern this action, and can be enforced by the Texas courts.

Intervener alleged also that certain laws were passed by the territorial Legislature subsequent to the enactment of the law of 1882, and that certain constitutional provisions were adopted by the state of New Mexico, the effect of which was to repeal and abrogate and render void and of no effect sec-

tion 1 of the Laws of 1882. A résumé of the legislation referred to is given below.

In 1893 the Legislature of the territory enacted a law, section 5 of which became section 1824 of the 1915 compilation, and is in part as follows:

"Sec. 1824. It shall be unlawful for any railroad corporation knowingly and willfully to use or operate any car or locomotive that is defective, or any car or locomotive upon which the machinery or attachments thereto belonging are in any manner defective, or shops or machinery and attachments thereof which are in any manner defective. * * *

"If the employé of any such corporation shall receive any injury by reason of such defect in any car or locomotive or machinery or attachments thereto belonging, or shops or machinery and attachments thereof, owned and operated * * * by such corporation, through no fault of his own, such corporation shall be liable for such injury, and upon proof of the same in an action brought by such employé or his legal representatives, * * *. shall be entitled to recover against such corporation any sum commensurate with the injuries sustained."

In 1893 the Legislature also enacted a law entitled "An act for the protection and relief of railroad employés, and for other purposes." Laws 1893, c. 28. It is not necessary to incorporate it in full in this statement. Section 1 thereof sets out the contingencies under which railroads may become liable to employés. Section 2 makes it unlawful for the railroad company to use defective locomotives, cars, and machinery, and provides for liability on the part of the railway company to employés for injury occasioned by the use of such equipment. Section 3 of the law is as follows:

"Sec. 3. Whenever the death of an employé shall be caused under circumstances from which a cause of action would have accrued under the provisions of the two preceding sections, if death had not ensued, an action therefor shall be brought in the manner provided by section 2310 of the compiled laws of New Mexico, as amended by chapter XLIX of the section laws of 1891 of New Mexico, and any sum recovered therein shall be subject to all of the provisions of said section 2310 as so amended." .

Section 16, art. 20, and section 2, art. 22, of the Constitution of New Mexico are as follows:

Sec. 16, art. 20. "Every person, receiver or corporation owning or operating a railroad within this state shall be liable in damages for injury to, or, the death of, any person in its employ, resulting from the negligence, in whole or in part, of said owner or operator or of any of the officers, agents or employés thereof, or by reason of any defect or insufficiency, due to its negligence, in whole or in part, in its cars, engines, appliances, machinery, track, roadbed, works or other equipment.

"An action for negligently causing the death of an employé as above provided shall be maintained by the executor or administrator for the benefit of the employé's surviving widow or

husband and children; or if none, then his parents; or if none, then the next of kin dependent upon said deceased. The amount recovered may be distributed as provided by law. Any contract or agreement made in advance of such injury with any employé waiving or limiting any right to recover such damages shall be void."

Sec. 2, art. 22. "Until otherwise provided by law, the act of Congress of the United States, entitled 'An act relating to liability of common carriers, by railroads to their employés in certain cases,' approved April twenty-second nineteen hundred and eight, and all acts amendatory thereof, shall be and remain in force in this state to the same extent that they have been in force in the territory of New Mexico."

The repealing and saving clauses of the compilation of 1915 are in part as follows:

"The provisions of the foregoing sections taken or adopted from existing statutes, shall be construed as continuations thereof, and not as new enactments. * * *

"All acts and parts of acts of a general and permanent nature, not contained in this codification, are hereby repealed, but this act shall not revive any act or portion of an act repealed by them."

The foregoing were pleaded by intervener as all of the constitutional provisions and laws of the territory of New Mexico, and subsequently of the state, relating to injuries resulting in death.

Plaintiffs in error relied upon the following section of chapter 156 of the Thirty-Fifth Legislature of Texas (Gen. Laws 35th Leg., p. 365 [Vernon's Ann. Civ. St. Supp. 1918, art. 7730½]), as authorizing a recovery by them in this state:

"That whenever the death or personal injury of a citizen of this state * * * has been * * * caused by the wrongful act, neglect or default of another in any such foreign state * * * for which a right to maintain an action and recover damages thereof is given by the statute or law of such foreign state * * * such right of action may be enforced in the courts of this state * * * and the law of the forum shall control in the prosecution and maintenance of such action in the courts of this state in all matters pertaining to the procedure."

The Court of Civil Appeals in affirming the action of the trial court in sustaining demurrers to the petitions of both Mrs. Clay and the intervener, held:

First. That section 1820 of the 1915 compilation of the laws of New Mexico, relied upon by Mrs. Clay, is penal in its nature, and cannot therefore be given extraterritorial effect and be enforced in this state.

Second. That chapter 156, Acts 35th Leg., authorizing the maintenance of a suit in this state upon a cause of action arising in another state, relates only to damages compensatory in their nature.

Third. That section 1 of the act of 1882 (section 1820 of the 1915 compilation) was not repealed or rendered null and void by provisions contained in the Constitution of New Mexico, or by subsequent statutory enactments of the Legislature either of the territory or state; that a recovery could not be had by the intervener for the killing of Clay, because said section 1 governed and controlled the cause of action for his death and is not unconstitutional.

It is apparent from the notation made in granting the application for the writ of error that the court was only doubtful of the correctness of the judgments of the trial court and Court of Civil Appeals, and preferred—probably in view of the novel questions presented—to hear the case.

Complaint is made in the application for the writ by Mrs. Clay and the intervener, under several assignments, of the holdings stated. The questions to be determined may be reduced to two:

First. Under what statutory enactment did a cause of action for the death of Clay arise?

Second. Is the cause of action enforceable in this state?

Viewing sections 1820, 1821, and 1823 of the 1915 compilation of New Mexico laws as valid statutes of that state, there is no difficulty in determining which section has application to the facts pleaded by plaintiffs in error.

The Supreme Court of the territory of New Mexico, in the case of Romero v. Railway Co., 11 N. M. 679, 72 Pac. 37, pointed out the distinction in the cause of action created by section 1 of the law of 1882 (section 1820), and that created by sections 2 and 3 of the act as amended by the law of 1891 (sections 1821 and 1823).

In that case the deceased for whose death damages was sought was run over and killed by one of the railway company's cars. He was not an employé of the railway company. Suit was filed by the administrator of the estate of the deceased. The court say:

"It will be observed that section 1 of the Laws of 1882 is distinctly limited to deaths caused by the wrongful act of common carriers, and their agents, servants, and employés, while engaged in running and handling locomotives, trains, stage coaches, or other public conveyances, whereas sections 2 and 3 of the same act are general in terms, and evidently intended to refer to deaths caused by the wrongful act of persons and corporations other than common carriers, as embraced in section 1. As a further evidence of this distinction, it is provided that, in case of death by wrongful act of the common carrier, the party liable 'shall forfeit and pay to the person or passenger so dying, five thousand dollars'; but, under sections 2 and 3 of the original act, any sum not exceeding $5,000 was recoverable. Under the first section the amount of the recovery was arbitrarily fixed by statute, but under the other sections the damages were to be fixed by a

jury, which was authorized to take into consideration the 'mitigating and aggravating circumstances.' "

It is urged, however, that the effect of the amendment of 1891, the act of 1893, and the adoption of the sections of the Constitution of New Mexico, all set out above, was to repeal section 1.

The court in the Romero Case say further:

"In 1891 the Legislature amended sections 2309 and 2310 of the Compiled Laws of 1884, these sections being sections 2 and 3 of the Laws of 1882. By the amendment, the clause of section 3 of the original act, that suits for damages should be brought by the persons authorized by section 1, was stricken out, and suits for damages under sections 2309 and 2310 were authorized to be brought in the name of the representatives of the deceased. Section 2310 was further amended by striking out the limitation of damages to $5,000 in actions arising under the 'next preceding section.' The next preceding section would be 2309, but the amendment did not change or even refer to section 2308, which is the first section of the act of 1882. There is but one interpretation to be placed upon this action of the Legislature having this subject before it for the second time, and that is that the distinction drawn by the act of 1882 as to the liability of common carriers and others causing death by wrongful act should be adhered to; and to that end the section of the act of 1882, providing, as to common carriers, the limitations of the first section of the original act as to the amount of damages recoverable, and that none other than those persons named by that section could bring suit, was left as originally drawn. In the compilation of 1897, section 1 of the act of 1882 became section 3213, and the second and third sections as amended became sections 3214 and 3215; and those were in force at the time of the death of Leyba, and are still the law of this territory."

The Court of Civil Appeals in the case of El Paso & Southwestern Co. v. La Londe, 173 S. W. 890, held that section 1 of the law of 1882 was not repealed by the act of 1891, citing the Romero Case, but hold, further, that it was repealed by the adoption of article 20 of the Constitution.

The section of the Constitution referred to creates a cause of action against "every person, receiver or corporation owning or operating a railroad" within the state for negligently causing the death of an employé of the railroad. The constitutional provision being applicable in case of the death of employés only, would not, of course, have the effect of repealing a statute creating a cause of action for the death of any person. The honorable Court of Civil Appeals doubtless noted the repugnancy between the statute and the constitutional provision, in so far as the latter relates to employés, and had in mind, in speaking of a repeal, only such repugnancy.

[1] Disregarding all that is said in the Romero Case, supra, and applying the recognized rules of statutory construction so frequently cited in this state in determining whether one statute repeals another by implication, the conclusion is inevitable that section 1 was not so repealed. Cole v. State ex rel. Cobolini, 106 Tex. 472, 170 S. W. 1036; St. Louis, B. & M. Ry. Co. et al. v. Marcofish, 221 S. W. 582.

The Supreme Court refused the application for the writ in the La Londe Case. Its action was predicated no doubt, not upon the conclusion that section 1 of the Laws of 1882 had been repealed, or rendered inoperative by said section 16 of the Constitution, but upon a recognition of the fact that the cause of action for the death of the employé sued upon arose under the constitutional provision as alleged, and that the action was enforceable in this state; the policy of the law creating it not being in contravention of the policy of the law of this state. It was not necessary for the Supreme Court in denying the application for the writ to determine whether section 1820 had been repealed. Associate Justice Hawkins in a written opinion, concurring in the denial of the writ in the La Londe Case, 108 Tex. 67, 184 S. W. 498, made a statement of his view of the case. The statement does not indicate that that question was considered by the court. There is no warrant, we think, for holding that section 1820 of the 1915 compilation has been repealed.

Plaintiffs in error devote several pages of their application for the writ to the task of demonstrating that section 1820, even if not repealed, is unconstitutional, and that the effect of viewing it as operative is tantamount to holding sections 1821 and 1823 unconstitutional; that the three sections cannot stand together, because of resulting discriminations.

The codifiers and compilers of the laws of New Mexico have consistently brought forward section 1 of the act of 1882 into all of the compilations of the law of the territory, and, subsequent to the statehood, into the 1915 compilation of the laws of the state. It has not been stricken down by any court of New Mexico. On the other hand, it was recognized as valid and operative in the Romero Case, supra, subsequent to the enactment of sections 1821 and 1823. No law of the territory or state of New Mexico has expressly repealed it. The 1915 Civil Code of the state brings it forward as section 1820 of its statutes. In view of those circumstances, it would be a questionable comity to hold it unconstitutional. Recognizing the duty as well as courtesy of comity, we are of opinion it should not be so held in this case.

[2] The cause of action sued on is referable to section 1820 of the 1915 compilation, and is not governed or controlled by sections 1821 and 1823.

[3] The Court of Civil Appeals cite Dale v. A., T. & S. F. Ry. Co., 57 Kan. 601, 47 Pac. 521, and Adams v. Railway Co., 67 Vt. 76, 30 Atl. 687, 48 Am. St. Rep. 800, in support

of its holding that section 1820 cannot be given extraterritorial effect and enforced in this state. We think the holding is correct. Railway Co. v. La Londe (concurring opinion) 108 Tex. 67, 184 S. W. 502.

The recovery provided by section 1820 is inflexible, and is aimed at the culpability of the employés of the railway company, rather than based upon the extent of injury, thus partaking more of the nature of the penalty provided than of a right created. There is no law in this state based upon a similar policy.

The statute construed by the Supreme Court of Kansas in the Dale Case, supra, as being penal in its nature, is the statute of 1882, section 1 of which has become section 1820 of the New Mexico laws. It may be added also that this statute was borrowed from the laws of Missouri. The section here under consideration was held by the St. Louis Court of Civil Appeals, in Casey v. St. Louis Transit Co., 116 Mo. App. 235, 91 S. W. 419, to be penal. This section, as has already been noted, was brought forward into the 1915 compilation of the state laws subsequent to the holdings referred to viewing it as penal. The holding of the Court of Civil Appeals upon this question is in our opinion correct.

The article quoted from chapter 156 of the Acts of the Thirty-Fifth Legislature does not apply to causes of action arising in other states under statutes penal in their nature. The action authorized by the act is for damages, rather than for the recovery of a penalty. The cause of action sued on by Mrs. Clay is not enforceable in this state.

We concur in the holdings of the Court of Civil Appeals, and recommend that its judgment, and that of the trial court, be affirmed.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.