## COBLE v. PHILLIPS PETROLEUM CO.
### Civ. A. No. 40.

District Court, N. D. Texas, Amarillo Division.

Nov. 11, 1939.

Shannon, Ochsner & Little and Morgan, Culton, Morgan & Britain, all of Amarillo, Tex., for the motion.

Sanders & Scott, of Amarillo, Tex., opposed.

ATWELL, District Judge.

The plaintiff was awarded judgment for $50,025.10, for the death of his wife, on jury verdict.

This motion for new trial presents the point that the plaintiff apprised the jury that the defendant was covered by indemnity insurance. Exactly what happened in that respect is disclosed by the following examination:

"Q. Who is Mr. Crosby? A. As I understand, he is a claim adjuster for the insurance company."

Later, when Mr. Crosby was on the stand testifying for the defendant, the plaintiff, on cross-examination, said to him,

"Q. Now, Mr. Crosby, I do not want you to tell us what your interest is—do not tell me anything about that—but it is a fact that you have an interest in this lawsuit? A. Yes."

The first questions were asked, and answered by, a Mr. Davis who was testifying as a defendant witness, and who was driving the truck which was involved in the collision which resulted in the death of the plaintiff's wife.

Such cases as James Stewart & Company v. Newby, 4 Cir., 266 F. 287; Continental Oil Company v. Barnes, Tex. Civ.App., 97 S.W.2d 494; Huey & Philp Hardware Company v. McNeil, Tex.Civ. App., 111 S.W.2d 1205; Fell v. Kimble, Tex.Civ.App., 154 S.W. 1070; Wichita Falls Motor Company v. Meade, Tex.Civ. App., 203 S.W. 71; Texas Company v. Betterton, 126 Tex. 359, 88 S.W.2d 1039; Southland Greyhound Lines v. Cotten, 126 Tex. 596, 91 S.W.2d 326, 327; South Texas Coaches v. Woodward et al., Tex.Civ. App., 123 S.W.2d 395; Horton v. Benson, Tex.Civ.App., 266 S.W. 213, clearly demonstrate that the rule in Texas, declared to be wholesome by the Supreme Court of the state, is that such information must not be imparted to the jury. When questions are asked which disclose insurance protection, nothing short of an affirmative showing that no injury resulted is sufficient to render it harmless.

The plaintiff suggests that the importance and bigness of the defendant would save the jury from the thought of placing the burden on an insurance company, which suggestion may be answered with the statement that any such argument must be, at best, pure conjecture. Likewise, it has been suggested that jurors are, themselves, becoming familiar with the common business fact that most concerns protect their interests that may be at hazard on the highway, by insurance, and that since the jurors already know that to be a fact, no further harm can arise from testimony definitely showing that fact.

The answer to that, I think, is that the familiarity of the people with any particular situation has never been permitted to overturn a rule of evidence, or, a definitely decided question that has grown up for the protection of litigants, and in the interest of justice. Such rules ripen out of the experience of courts.

One is prone to believe that the acceptance of a premium for insurance may be a reason for sharpening the liability of the insurer to the extent that burdens may be placed where otherwise it may not be appropriate. There are certain rules which put additional duties and liberties upon insurers with reference to contracts that they make, but experience has taught that in torts it is not a wise course to permit it to be known that an insurance company is back of a defendant in a damage suit.

I am not unmindful of the fact that the rule may somewhat limit the territory of cross-examination; but, if so, we find that result in many other fields.

It is not unusual to realize that there are certain questions that may not be asked because of the impression, or, prejudice that will be created. The information to be elicited would throw little light upon the controversy that is being solved.

Having drawn from Davis the fact that Crosby was an insurance adjuster, plaintiff knew he was treading dangerous ground when he pursued Crosby, upon his appearance, with the interrogation, "Do not tell me whom you represent, but merely say whether you are interested or not." This served to further identify him as having an interest in the case that was being tried.

The motion for a new trial must be granted.