## WELLS v. IRWIN et al.

## THOMPSON v. SAME.

Nos. 625, 626.

District Court, N. D. Texas, Dallas Division.

Feb. 24, 1942.

George K. Holland, of Dallas, Tex., for motions to remand.

R. T. Bailey, of Dallas, Tex., for motions to dismiss.

ATWELL, District Judge.

Automobile collisions in the state of Louisiana are the cause of these two identical suits. One of the cars was occupied by George S. Wells and R. M. Thompson, the other by W. C. Appleby, Maurice Lanaux, and Mrs. A. Lee Irwin.

The plaintiff in each suit declared against Irwin, a resident of Louisiana, and the Employers Liability Assurance Corporation, Ltd., a non-resident, and filed the suit in the state court. Non-resident personal service was had on Irwin in Louisiana, which service he ignored and appearance day has long since passed. The Employers Liability Assurance Corp., Ltd., answered.

The action against Irwin is in personam sounding in tort. Against the corporation because it had issued a policy of insurance covering Irwin's automobile.

Under the Louisiana statute, Act No. 55 of 1930, it is provided, and it was so pleaded, that "Provided further that the injured person or his or her heirs, at their option, shall have a right of direct action against the insurer company within the terms, and limits of the policy, in the parish where the accident or injury occurred, or in the parish where the assured has his domicile, and said action may be brought either against the insurer company alone or against both the assured and the insurer company, jointly and in solido."

After the suits had been pending sometime, the plaintiff sought an admission of facts, in response to which the Employers denied issuing any policy to Irwin.

On December 11, 1941, the suits having been filed in August, 1941, the plaintiffs filed a first amended petition, "in lieu of their original petition." The American Employers Insurance Company, a foreign corporation, was made a defendant, and each plaintiff pleaded that if he was mistaken in his allegations as to the Employers' action, "he alleges in the alternative that the American issued and delivered to Irwin the policy." No notice or process has been issued, or served, on Irwin or the Employers of this amended pleading.

Within the statutory time, the American, without the joinder of the other two defendants, removed the case to this court. The petition for removal alleged that the American was a Massachusetts corporation; the Employers, a British corporation; and Irwin, a citizen of Louisiana; and the plaintiff, a citizen of Texas, and that the amount in controversy is far in excess of $3,000. Each plaintiff moves to remand. The American moves to dismiss.

■ Considering the motion to remand, we find unquestioned jurisdiction in this court. Irwin may be disregarded. As to the two insurance companies, the Employers and the American, their liability, if any, is on totally distinct and separate contracts. Treatment of the question is so recent by the highest court in Pullman Co. v. Jenkins, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334, that more need not be said.

■ The American had the right to remove. See, also, Kelly v. Alabama Graphite Co., D.C., 34 F.2d 790. If the case was separable, it also had the right to remove. The plaintiff's plea shows its separability.

■ The motion to dismiss must also be ruled for the defendant American. Whatever the state of the Texas decisions was at the time of the writing of the opinion in Lake v. Texas News Co., D.C., 51 F.2d 862, and Haenni v. Craven, D.C., 56 F.2d 261, and Cothran v. Hackel, D.C., 56 F.2d 263, with reference to the joinder of the insured with the insurer, is not now the rule in Texas. The erroneous rule apparently began with Texas Landscape Company v. Longoria, Tex.Civ.App., 30 S.W. 2d 423. In 1934, Kuntz v. Spence, Tex. Com.App., 67 S.W.2d 254, changed that rule, and Grasso v. Cannon Ball Motor Freight Lines, 125 Tex. 154, 81 S.W.2d 482; Norton v. Caster, 125 Tex. 48, 81 S.W.2d 487; Moxon v. Ray, 125 Tex. 24, 81 S.W.2d 488; Thurman v. Chandler, 125 Tex. 34, 81 S.W.2d 489, and American Fidelity & Cas. Co. v. McClendon, 125 Tex. 41, 81 S.W.2d 493, followed. These cases announce judicial notice that juries are more apt to return a verdict for an injured party, and for a larger amount, if they know that the loss is ultimately to fall on an insurance company. That is a well settled and a well observed rule in Texas. Coble v. Phillips Pet. Co., D. C., 30 F. Supp. 39.

■■ There may be a joinder of insurer and insured where the policy so permits. One must bring his suit within the terms of the contract as the right to recover against the insurer rests solely on the policy and is purely contractual. That being a Texas rule, a national court sitting in Texas will observe it.

214

The Louisiana statute was considered by the Supreme Court of the state of Mississippi in a similar happening, McArthur v. Maryland Casualty Company, 184 Miss. 663, 186 So. 305, 120 A.L.R. 846, and, while refusing to criticize the Louisiana rule, held it would not bind a Mississippi court.

Having sought a Texas forum, plaintiffs are bounden to abide by the laws of the state in which the forum is situated.

The plaintiffs call attention to Article 4678, Vernon's Revised Civil Statutes of Texas, 1936, which provides that, "Whenever the death or personal injury of a citizen of this State * * * has been or may be caused by the wrongful act, neglect or default of another in any foreign State * * * for which a right to maintain an action and recover damages thereof is given by the statute or law of such foreign State * * * such right of action may be enforced in the courts of this State * * *. The law of the forum shall control in the prosecution and maintenance of such action in the courts of this state in all matters pertaining to the procedure." That statute is entirely permissive and indicates that it is not operative to change the procedure recognized in Texas courts. Nor can it be used for a recovery of that which is not permitted under the laws of Texas. It is only and when Texas has no definite rule, procedure, or policy. See Clay v. Atchison, T. & S. F. R. Co. et al., Tex.Civ.App., 201 S.W. 1072; Id., Tex.Com.App., 228 S.W. 907; Jones v. Louisiana Western R. Co., Tex.Com. App., 243 S.W. 976; El Paso & Juarez Traction Company v. Carruth, Tex.Com. App., 255 S.W. 159; Nealy v. Magnolia Petroleum Co., Tex.Civ.App., 121 S.W.2d 425. Furthermore, as already stated, the Texas courts do not permit the joinder of the insured and insurer when the contract of insurance does not permit it.

Since the motions were argued, the counsel have stipulated that a specimen copy of the American policy attached to such stipulation may be considered by the court. This policy shows, in paragraph 14, that, "no action shall lie against the company, insurer, * * * unless the insured shall have fully complied with all of the terms of the policy, nor until the amount of the insurer's obligation to pay shall have been finally determined, either by judgment against the insured after actual trial, or by written agreement of the insured, the claimant, and the company. Any person * * * who has secured such judgment, or agreement, shall thereafter be entitled to recover under the terms of the policy in the same manner, and to the same extent as the insured. Nothing contained in this policy shall give any person or organization any right to join the company as a co-defendant in any action against the insured to determine the insured's liability."

Manifestly, there appears to be no case pleaded against the defendant American, and the causes may be dismissed.