## EMPLOYERS MUT. LIABILITY INS. CO. v. EUNICE RICE MILLING CO.
### No. 13907.

United States Court of Appeals
Fifth Circuit.

June 30, 1952.

Rehearing Denied Aug. 4, 1952.

Writ of Certiorari Denied Nov. 10, 1952.

See 73 S.Ct. 171.

Russell, Circuit Judge, dissented.

P. A. Bienvenue, New Orleans, La., for appellant.

Grove, Stafford, Alexandria, La., J. Y. Fontenot, Opelousas, La., for appellee.

Before HUTCHESON, Chief Judge, and RUSSELL and STRUM, Circuit Judges.

HUTCHESON, Chief Judge.

Brought Jan. 5, 1949, against defendant below, appellant here, as the insurer of one LaDew under the Louisiana direct action statute, Act No. 55 of 1930, LSA–R.S. 22:

655, the suit was for the loss sustained by plaintiff in the destruction by fire of its mill and contents.

The claim was: that plaintiff had contracted with LaDew for the sale to it of an automatic sprinkler system to be designed, constructed, and installed by him in its mill, to be accepted and paid for as provided[1] therein; that the system was completed in April, 1948, and, though not fully accepted and paid for, the mill was thereafter entitled to, and was furnished the protection of the system; that, however, before the work would be fully accepted by the Bureau or plaintiff, LaDew was required to make changes and additions to it, consisting principally of installing added sprinkler treads; that on the day of the fire LaBorde, who for LaDew had been doing the work of installing the remaining outlets, did in the morning, as his custom was, disconnect the system from its water supply in order to proceed with the installation of the remaining outlets; that shortly before 12:30 o'clock, when, not having brought sufficient outlets with him to complete the job and waiting for his supply, LaBorde, without reconnecting the water with the system, went outside the plant to wait for them; and that shortly thereafter a fire of unexplained origin broke out in the mill and, because of the want of the sprinkler system through the fault of LaBorde in not turning it on while he waited, the mill and its contents were burned.

The insurance company was sued under the direct action statute upon allegations, not that it had itself committed any wrong, but that it had issued to LaDew, as its insurer, a comprehensive liability policy and as his insured was liable to plaintiff as LaDew was.

The defendant, by a motion to dismiss for failure to state a cause of action, and by answer to the merits, and also by motions for a directed verdict at the conclusion of the evidence, and for judgment *non obstante veredicto* after the verdict, urged

1. "All of our work is to be subject to the approval of the Louisiana Rating & Fire Prevention Bureau. Payment to be as follows: ⅓ of the contract price when materials are delivered and work com-

menced; ⅓ when water is turned on and the building is under protection; and the balance when inspected by the Louisiana Rating & Fire Prevention Bureau."

without avail below several defenses to the suit.

Appealing from the judgment, it is here urging the same defenses [2] as conclusive in its favor.

Because we are of the opinion that appellant's first defense that it was not suable by direct action or otherwise except in accordance with the provisions of its policy, required and requires the dismissal of the action, consideration of its other defenses will be pretermitted.

In support of its first defense, that appellant is not liable to suit by direct action, appellant points: to the stipulation [3] filed in the cause; to the no action clause [4] of its policy, fixing the conditions for suit against it, to the law of Texas as it is stated in Wells v. Irwin, D.C., 43 F.Supp. 212, and Wells v. American Employers' Ins. Co., 5 Cir., 132 F.2d 316, and to the cases holding that a state may not by statute or decision destroy or impair substantial rights secured under a contract made in another state and valid where made.

So pointing, it insists that, all its other defenses aside, this defense was impregnable and for the failure of the district judge to sustain it, the judgment must be reversed and the cause dismissed. We agree.

Of the opinion that the "no action" clause in the policy and the circumstances of its writing are in no substantial way different from those in the appeal of Fisher v. Home Indemnity Co., No. 13810, on the docket of this court, 198 F.2d 218, and that as appellee, Home Indemnity, was not there subject to direct action, so appellant, Employers Mutual, is not so subject, we will not further labor the matter here. We will content ourselves with announcing that, for the reasons and upon the considerations set out in our opinion in Fisher's case, filed

2. These are:
  (1) Plaintiff does not have the right to avail itself of the Louisiana Direct Action Statute, Act No. 55 of 1930, and to bring suit against defendant under the policy contract for the reason that the contract was issued and delivered in the State of Texas.
  (2) That, as matter of law, LaDew and his employee LaBorde were not guilty of any negligence.
  (3) That the action of LaDew or his employee was not the proximate cause of the destruction of plaintiff's property. The loss was caused by fire, the origin of which is not charged to LaDew or his employee.
  (4) That plaintiff as matter of law was guilty of contributory negligence.
  (5) That LaDew did not comply with the policy contract and give to defendant, notice as soon as practicable, of the happening of the fire, thereby violating his policy contract and relieving defendant of all liability.
  (6) That the loss was not an accident within the meaning of the policy contract issued by defendant to LaDew.

3. The stipulation in part states:
  "That William H. LaDew, defendant, is domiciled in the City of Dallas, Dallas County, Texas; that Employers Mutual Liability Insurance Company of Wisconsin is domiciled in the City of Wausau, Wisconsin and authorized to do and doing business in the State of Texas and in the State of Louisiana; that Employers Mutual Liability Insurance Company of Wisconsin issued and delivered its policy No. 1629–16093, copy of which is attached hereto, to William H. LaDew in the State of Texas; that said policy among other things, contained an endorsement or rider, dated March 24, 1949, which provides: 'it is agreed that the insurance afforded by this policy applies only to operations performed in the State of Louisiana;' that the law of Texas does not authorize a direct action against insurors, nor does it require that such a provision be contained in its insurance policies."

4. "No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.
  "Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization any right to join the company as a codefendant in any action against the insured to determine the assured's liability."

June 30, 1952, the judgment in this case will be reversed and the cause dismissed, without prejudice therefrom, to plaintiff's right to sue LaDew, to the merits of its claim, or to LaDew's or its right to proceed against appellant as provided in the policy appellant issued to LaDew.

Judgment reversed and cause dismissed without prejudice as above.

RUSSELL, Circuit Judge (dissenting).

Since I have concurred in the judgment in Fisher v. Home Indemnity Company, No. 13810, 5 Cir., 198 F.2d 218, upon which the majority rest their opinion in the present case, and yet dissent herein, it may be well to indicate wherein this case differs from that one. It will be observed that in the present case the policy of insurance, by express endorsement, applied "only to operations performed in the State of Louisiana." That State was the only place where the insurance contract was to be in force. The policy was written in the State of Texas, but the essential coverage was restricted to the State of Louisiana. The insurer is authorized to, and does, conduct business in Louisiana. In such contract, and its enforcement, the State has a direct and natural interest on behalf of its creature, which seeks recovery because of an alleged injury inflicted by the insured in Louisiana. This interest has been manifested by the Louisiana direct action statute. In writing the policy now involved and restricting its coverage only to operations performed in the State of Louisiana, the insurer must be held to have contracted with a view to subjection to the provisions of Louisiana law. Having done so, it is not in position to successfully maintain that the statutes and jurisprudence of that State unconstitutionally seek to impinge upon its contractual rights.

Under the opinion of the controlling majority, there should have been, and can be, in this suit, no trial at all. Therefore, the appellant's alternative claims of error subsisting in the attempt are effectively mooted.

Rehearing denied; RUSSELL, J., dissenting.