**MOBLEY et ux. v. KANSAS CITY SOUTHERN RY. CO.[1] et al.**

**No. 14307.**

United States Court of Appeals Fifth Circuit.

Feb. 25, 1953.

Cleve Burton and Richard H. Switzer, Shreveport, La., Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, La., of counsel, for appellant.

Benjamin C. King and Charles D. Egan, Shreveport, La., for appellee.

Before HUTCHESON, Chief Judge, and STRUM and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

Brought under the Louisiana Direct Action Statutes[2] against an insurer in a policy issued outside of the state of Louisiana and containing a "no action" clause, this is one of a series of actions in which, for the reasons fully set out in his several opinions,[3] the District Judge for the Western District of Louisiana entered judgments of dismissal.

In this, the second of the four dismissals entered in 1952, the district judge sustained the motion of the insurer to dismiss on the authority of Bayard and Bish, the first two cases cited in note 3, supra, and upon the further ground "that the defendant's insured was a common carrier operating in interstate commerce governed by the Federal Motor Carrier Act of 1935[4] and regu-

---

1. Before the cause went to judgment, the Kansas City Southern Railway was dismissed on plaintiffs' motion, leaving the insurer, Central Surety & Insurance Corporation, as the only remaining defendant and appellee.

2. Acts 541 and 542 of 1950 of the State of Louisiana, LSA–R.S. 22.655 and note, 22:983.

3. Bayard v. Traders & Gen. Ins. Co., D. C., 99 F.Supp. 343; Bish v. Employers' Liability Assur. Corp., D.C., 102 F.Supp 343; Mayo v. Zurich, D.C., 106 F.Supp. 579, 580; Watson v. Employers' Liability Assur. Corp., D.C., 107 F.Supp. 494.

4. 49 U.S.C.A. §§ 301–327.

lations prescribed by the Interstate Commerce Commission with respect to insurance against liability while so engaged".

Appellants, plaintiffs below, are here insisting that the judgment is wrong and must be reversed.

■ In their briefs in the Bish case filed with us before our decisions in *Fisher v. Home Indemnity Co.,* 5 Cir., 198 F.2d 218 and *Employers Mutual·v. Eunice Rice Milling Co.,* 5· Cir., 198 F.2d 613, had come down, the same counsel who appear here for appellants vigorously contested the correctness of the general principles on which the Bish case was decided below and on which our two cases were decided, that the "no action" provision of defendant's policy being valid where made, the direct action statute of Louisiana cannot be invoked to invalidate or impair it. They, therefore, do not directly in brief or argument here urge a reconsideration or overruling of our decisions. Instead, without waiving or withdrawing from the positions asserted in their briefs in the Bish case, but resting them on the event in that case, they principally argue here that there are facts in this case which take it out of the rule of Fisher and Eunice.

These facts, as claimed by them, are: that the insurance agreement must be considered as having been delivered in Louisiana, within the meaning of LSA–R.S. 22:655, because of endorsement No. 2 on the policy[5] and that defendant, in compliance with LSA–R.S. 45:163, filed a certificate of insurance with the Louisiana Public Service Commission.[6]

We think it plain that this contention is without merit. Nothing more is made to appear than that certain endorsements have been attached to the policy. Appellants" contention that this certificate is a contract of insurance between the appellee as insurer and the Louisiana Public Service Commission as insured will not do. The Louisiana Motor Carrier Act, LSA–R.S. 45:161 et seq., does not require that the liability insurance policy covering the carrier be issued and delivered within the state of Louisiana, and the policy in this case was neither issued nor delivered there.

The facts in this case are in no substantial respect different from those in the Fisher and Eunice cases. On the authority of those cases, the judgment appealed from is affirmed.

5. This provides in substance that the insurer has filed policies on behalf of the insured with various state commissions as evidence of liability insurance in compliance with requirements of those commissions. It further provides that in consideration of the filings and the fact that no charge has been made therefor, it is agreed "that the policies cited have been issued for filing purposes only and shall not be construed to afford coverage in addition to or in excess of coverage provided under the policies to which this endorsement is attached."

6. The purpose and effect of this is to certify that the policy of automobile bodily injury liability and property damage liability insurance issued to its insured has been amended by the attachment of an endorsement form No. LPSC 101 approved by the Louisiana Public Service Commission to cover vehicles operated by the insured under certificate of public convenience and necessity, regardless of whether such motor vehicles are specifically described in the policy or not, and whether the losses occur on the route or in the territory authorized to be served by the insured or elsewhere within the state of Louisiana. In addition, the certificate states that whenever requested by the Louisiana Public Service Commission, the company agrees to furnish to the commission a duplicate original of the policy and all endorsements thereon, and that the endorsement described may not be cancelled without cancelling the policy to which it is attached, such cancellation to require thirty days notice to the commission.