PER CURIAM.
Plaintiffs, William C. Holbein and Edward Ray Holbein, filed a complaint in the Circuit Court of Dade County, Florida, on a foreign judgment obtained in the District Court, 73rd District, Bexar County, Texas. The foreign judgment was against the defendant, Ray J. Rigot, and others, jointly and severally, in the sum of $36,-613.03 actual damages together with the further sum of $25,000.00 as exemplary damages. The Texas judgment was entered against the defendant by default after the defendant was served with citation in the manner prescribed by law where the defendant was doing business in the state of Texas pursuant to Article 2031b, Vernon’s Annotated Civil Statues of Texas.
Upon the issues made by the plaintiffs’ complaint and the defendant’s answer, the case was tried before the Court. The defendant admitted that he had lived in Florida since 1954, had received notice of the pendency of the Texas proceedings through the U. S. Mail but no other notices. After hearing the testimony and considering the documents, the Court entered final judgment in favor of the plaintiffs for the full amount of the Texas judgment plus interest and costs. Defendant did not at any time allege or assert fraud, nor did he allege or assert any proceeding in Texas challenging the jurisdiction of the Texas Court and did not present any evidence in this cause proving that he had never transacted or done business in the State of Texas.
The only point involved was whether or not the Texas judgment was entitled to full faith and credit under the Constitution of the United States. We believe that the *459 final judgment is entitled to full faith and credit for the actual damages only but not entitled to full faith and credit for the exemplary or punitive damages. See Silitronic Chemical Corp. v. R. K. M. Enterprises, 197 So.2d 33 (Fla.App.3rd 1967); Clay v. Atchison, T. & S. F. Ry. Co., Texas, 201 S.W. 1072 affirmed, 228 S.W. 907; Farmers & Merchants Trust Co. v. Madeira, 261 Cal.App.2d 503, 68 Cal.Rptr. 184; F. E. C. Ry. Co. v. McRoberts, 111 Fla. 278, 149 So. 631:
Affirmed in part and reversed in part.